SAMUEL H. DAVIS v. THE STATE.

The third division of article 264 of the Code of Criminal Procedure reads thus: "That the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the state." (Paschal's Dig., Art. 2732, Note 709.)

[NOTE.—The learned judge seems to have overlooked the fact that it was a bail bond under article 264, and not a recognizance under article 263; but the requirements of both are the same, the second and third divisions of article 263 being equivalent to the third clause of article 264. (Paschal's Dig., Arts. 2731, 2732, Notes 708, 709.)—*Reporter.*]

The first clause of article 775 *b* of the Penal Code reads as follows: "If any person shall, without complying with the laws regulating estrays, take up and use or otherwise dispose of any animal coming within the meaning of an estray, he shall be punished as prescribed in the preceding article." (Paschal's Dig., Art. 2441.)   To make out the offense the accused must both "take up and use" the animal.   It is not enough to use him.

Where the indictment followed the statute, but the bail bond described the indictment as being for "unlawfully *using* an estray horse," &c., it did not describe an offense known to the law, and the indictment should have been quashed.   (Paschal's Dig., Arts. 2441, 2732.)

Although the defendant did not assign errors, yet as the bail bond did not describe an offense known to the law, the court reversed and dismissed the proceeding to forfeit the recognizance.

APPEAL from Wood.   The case was tried before Hon. CHARLES A. FRAZER, one of the district judges.

Samuel H. Davis was indicted, "for that he did take up and use a certain horse, of the value of $100, the same being an estray horse," &c.   Davis was arrested and gave

bond, which recited that the *capias* was "founded upon an indictment, now pending in said county, on a charge of unlawfully using an estray horse," without complying with the law regulating estrays.

The defendant failing to appear, the bond was forfeited as to principal and surety. They afterwards came, in answer to the *scire facias*, and moved to quash the bond; but the motion was overruled, and judgment rendered for the State the amount of the penalty bond. The defendant appealed, but failed to assign errors.

*William M. Walton, Attorney General*, filed the following motion:

This is a case of forfeited bond. The defendants in the court below appeal. There is no assignment of errors.

The *Attorney General* asks that the case be affirmed, without reference to the merits, because there are no errors assigned.

No appearance for the appellant, nor brief furnished to the *Reporter*.

WILLIE, J.—By article 263 of the Code of Criminal Procedure four requisites are provided for recognizances in order to render them valid and binding upon principal and sureties. The second of these is, the name of the offense with which the defendant is charged should be stated. The third is, that it should appear from the recognizance that the defendant is accused of an offense against the laws of the state. [Paschal's Dig., Art. 2731, Note 708.] The recognizance in this case recites, that the defendant is charged with "unlawfully using an estray horse, without complying with the law regulating estrays." There is no such offense as this known to our Penal Code. We have a statute which creates, defines, and punishes the offense of *taking up and using*, or otherwise disposing of, an animal

xxx—23

coming within the meaning of an estray, without comply-ing with the laws regulating estrays. [Paschal's Dig., Art. 2441, Notes 693, 829.]   And such was the offense that the indictment purported to charge against appellant.  In order to make out this offense, it is necessary that the accused should both *take up* and *use* the estray, these words being conjunctively employed in the code, and the offense being entirely of statutory creation.   The mere using of a stray horse is no offense, and may be very innocently done, if the animal be obtained in good faith after he had been taken up by some other person.   The law requires the party taking up the animal to comply with the estray laws; and, if this should be done by him, and another party should afterwards use him, without also complying with the same laws, he would not be guilty of a violation of the law.

We are of opinion that the recognizance is fatally defect-ive in not complying with the foregoing requirements of the Code of Criminal Procedure.   There is no assignment of errors in this case, and a motion is made to affirm the judgment without reference to the merits; but, as the de-fects in the recognizance go to the foundation of the action, we will take notice of them without any such assignment.

The judgment must be reversed, and the cause

DISMISSED.