## THE STATE v. MESCHAC, A FREEDMAN.

Article 775 *b* of the Criminal Code reads as follows: "If any person shall, without complying with the laws regulating estrays, take up and use or otherwise dispose of any animal coming within the meaning of an estray, he shall be punished as prescribed in the preceding article. If the unlawful taking or disposition of an estray animal be effected in such manner as

---

* As the opinions in all these cases were in similar language, the *Reporter* deems it sufficient to print one of them only.

to come within the meaning of theft, the person guilty of the same shall be punished for that offense." (Paschal's Dig., Art. 2441, Note 693.) It is not enough to charge the defendant with taking up and using a horse coming within the meaning of an estray, worth, &c., without the consent of the owner.

It is essential that the indictment, in plain and unambiguous language, apprize the defendant of the particular violation of law which he is called upon to answer. (Paschal's Dig., Art. 2863, div. 6, Note 720.)

The 9th article of the Criminal Code declares, that all language shall be construed according to its plain import. The plain import of " taking up and using an estray, without complying with the estray laws," is well understood, and should be used in the proper sense, so that the mind of the defendant may be directed to the particular animal. That is such a description as will lead to an identification.

APPEAL from Travis. The case was tried before Hon. JOHN IRELAND, one of the district judges.

The indictment charges that Meschac, &c., did knowingly, without complying with the law regulating estrays, take up and use a horse coming within the meaning of an estray, worth $25, without the consent of the owner, &c.

The defendant moved to quash, because the indictment stated no offense, and was not intelligible. The motion was sustained, and the indictment quashed. The state appealed.

*T. D. Mosely, Attorney General pro tem.*, for the state, cited 1 Tex., 608; note in 1 Arch. Crim. Prac., 296; 9 Humph.; 43; 7 Humph., 535; Rowe, 102; 1 Chit. on Crim. Law, 170, 236, 841; 27 Tex., 726; 25 Tex.

*N. G. Shelley*, for appellee, argued that the indictment was defective, and cited Rush v. The Republic, 1 Tex., 460; Burch v. Republic, 1 Tex., 608; The State v. Horan, 23 Tex., 232; Alexander v. The State, Opinion Book, Austin, March 21, 1861, [29 Tex., 495;] Chitty's Crim. Law, 281, 288; Arch. Crim. Law, 47; Paschal's Dig., Art. 3701.

CALDWELL, J.—We think the indictment insufficient, and that the judgment of the court below ought to be

affirmed in quashing it.    The indictment charges that the defendant did "willfully and knowingly, without complying with the laws regulating estrays, take up and use a horse, coming within the meaning of an estray, worth $25, without the consent of the owner."

An elementary rule by which to test the sufficiency of an indictment is, that it shall, in plain and unambiguous language, apprize the defendant of the particular violation of law which he is called upon to answer, that he may prepare for his defense; also, that it might be plead in bar of another indictment for the same offense.    Thus tested, it will be seen that the indictment is bad.    "Coming within the meaning of an estray," as aptly expressed by counsel, is not an averment that the (a horse) horse was an "estray," which it would be an offense to "take up."    This the indictment should contain.    Moreover, suppose the proof should show that the animal in question was a mare would it be seriously insisted on that a rightful conviction could be had?    Or that it was a colt or stallion.    The 160th article of the code requires that the language used in an indictment shall be construed according to its "plain import."    The "plain import" of these terms is too well understood, and they should be used in their proper sense, that the mind of the defendant might be directed to the particlar animal.    We will not undertake to define the only descriptions of a good indictment of this character, but will mention that a description by age, color, sex, and brands, if any, would easily lead to the identification of each offense.

The point raised by the defendant, as to the suspension of the estray laws, is left undetermined.

JUDGMENT AFFIRMED.