## THE ESTRAY CASES.

PETER GONZALES v. THE STATE.
JOSEPH JOHNSON v. THE STATE.

In an indictment for using estrays it is necessary to aver that it was done "without complying with the laws regulating estrays." (Paschal's Dig., Art. 2441, Note 693.)

ERRORS from Parker.   These cases were tried before Hon. JOHN J. GOOD, one of the district judges.

There were two cases against Gonzales and sureties, and one against Johnson and sureties.  The indictments charged the defendants respectively with taking up, using, and selling estrays, but did not aver that it was done " without complying with the laws regulating estrays."   The defendants were arrested and gave bonds, which were forfeited, and on return of *scire facias* they failed to answer, and final judgments were rendered.   The defendants prosecuted error, and assigned for error that the parties indicted were not charged with any offense known to the law.   The bonds really had the same complaint, for they recited no offense.

*A. J. Hood* and *S. P. Donley*, for plaintiffs in error.

*E. B. Turner, Attorney General*, for the state.

LINDSAY, J.—The appellant in each of these cases was indicted for using estrays without complying with the laws regulating estrays.   The recognizance of each, with his

sureties, was taken to secure his personal appearance in court to answer the charge. In each of the recognizances the offense named was simply using a stray horse. By a decision of this court, in the case of Hutchinson v. the State, 26 Tex., 111, it has been adjudicated that, in accusations for using estrays, the expression, "without complying with the laws regulating estrays," is a "necessary ingredient" to constitute the offense; from which we must infer, if this phrase or its equivalent is not used, no offense is named. As article 2731, Paschal's Digest, is imperative that the offense should be named in the recognizances, and as there has been a failure to do so in each of these recognizances, the judgment must be reversed in each case.

JUDGMENTS REVERSED.