## Henry C. Moore v. The State.

No such offense is known to the criminal law of this State as " shooting with intent to kill and murder." A bail bond, therefore, conditioned for the appearance of a party to answer such a charge, is bad, and should have been quashed on motion of the obligors.

Appeal from Fayette. Tried below before the Hon. I. B. McFarland.

The opinion states the case.

*Pease & Turner*, for the appellant.

No brief for the State.

Evans, P. J.—On the sixteenth day of June, 1870, judgment *nisi* was rendered in the district court for the county of Fayette, against Henry C. Moore, as principal, and Haywood Moore, surety, upon a bail bond for the sum of three hundred dollars, upon which *scire facias* was issued. The defendants appeared upon service, and moved to quash the bond. The court overruled the motion and made the judgment final, from which they appealed.

The offense charged in the bond is " shooting with intent to kill and murder." No such an offense of "shooting with intent to kill and murder " is known to the criminal law.

Article 1605, Paschal's Digest, declares that "no person shall be punished for any act or omission, as a penal offense, unless the same is expressly defined."

Article 2732, Paschal's Digest, defining the requisites of a bail bond, declares that "the offense of which the defendant is accused be distinctly named in the bond, and that it appear therefrom that he is accused of some offense against the laws of the State." (Foster *et al.* v. The State, 27 Texas, 236; Hill v. The State, Id., 608.)

The judgment is reversed and the *scire facias* dismissed.

Reversed and dismissed.