T. M. STEWART AND ANOTHER v. THE STATE.

1. A bail-bond must specify the offense of which the defendant is accused, and a defect in this particular will not be cured by a reference to the indictment preferred against him.

2. A bail-bond was conditioned that the defendant should appear and answer " a charge.for the violation of the estray laws as set forth in

"the bill of indictment against him." *Held*, not to specify any offense against the laws of the State ; and therefore the bond will not sustain a judgment against the sureties for a failure of the principal to appear and answer to an indictment for taking up and using an estray without first having complied with the law regulating the taking up and using of estrays.

ERROR from Palo Pinto. Tried below before the Hon. Charles Soward.

There is no occasion for a statement of the facts.

*A. J. Hood*, for the plaintiffs in error.

*Wm. Alexander, Attorney-General*, for the State.

OGDEN, J. This is a judgment final on a forfeited bail bond. The conditions of the bond are, that the defendant Cochran shall appear and answer " a charge for violation of " the estray laws, as set forth in the bill of indictment against " him."

The statute requires that the offense of which the defendant is accused shall be distinctly named in the bond, and that it must appear therefrom that he is accused of some offense against the laws of the State. The bond in this case does not distinctly name the offense of which the defendant is accused, as the statute denounces several offenses against the estray laws. Nor does the bond name any distinct offense against the estray laws, and it does not appear therefrom that the defendant is charged with any specific offense against the laws of the State. Nor does a reference to the offense, as described in the indictment, cure this defect, as the statute says it must appear from the bond that the defendant is accused of an offense, and the offense must be distinctly named in the bond.

This opinion must finally dispose of the case, and we need not notice the other errors complained of. Under the authority of Moore *v*. The State, 34 Texas, 138, the judgment is reversed and the case dismissed.

Reversed and dismissed.