## J. M. RIVIERE ET AL. *v.* THE STATE.

1. RECOGNIZANCE. — Sureties on a recognizance for an appeal are responsible for the appearance of their principal before the court below, after a reversal of the judgment and remand of the case wherein the appeal was taken.

2. SAME — ESTRAY LAW. — Recognizance stated the offence as the "unlaw-fully taking up and using an estray," but omitted the supplementary clause, "without complying with the law regulating estrays." *Held*, that this latter clause is essential to a description of the offence, and its omis-sion is fatal to the recognizance.

APPEAL from the Criminal Court of the city of Waco. Tried below before the Hon. N. S. BATTLE.

The opinion states the case. The judgment appealed from was rendered in March, 1876, and before the abroga-tion of the Criminal Court of Waco by the present Consti-tution.

*John L. Dyer*, for the appellants.

*Thomas Ball*, Assistant Attorney-General, for the State.

WHITE, J. One Owens was indicted under art. 2441, Paschal's Digest, for a violation of the estray laws. After arrest he executed a bail-bond to appear and answer the indictment. He did appear, was tried and convicted, and appealed the case to the Supreme Court, and these appel-lants became sureties in the recognizance. The judgment was reversed, and the cause remanded for a new trial. Owens failing to appear, a judgment *nisi* was rendered on the recognizance, with *scire facias* to the sureties.

The main ground of defence in the lower court, and one which is still insisted upon here, is that the reversal of the case placed the cause " as it would have stood in case a new trial had been granted in the District Court " (Pasc. Dig., art. 3139) ; and that "the effect of a new trial [in the Dis-trict Court] is to place the cause in the same position in which it was before the trial had taken place." From which it is said it must follow that the effect of the reversal was also to render the recognizance *functus officio*, and that the State must look to and forfeit the appearance-bond, and that alone, in case defendant fail to make appearance, as

was done in this case.   This was the identical question made in *Weaver* v. *The State*, and our Supreme Court held that " sureties on the recognizance are responsible for the appearance of the accused in the District Court, after a reversal of the judgment from which the appeal was taken wherein the recognizance was given."   43 Texas, 386.

But the recognizance is fatally defective in that it does not set forth any offence against the laws of the State. Pasc. Dig., art. 2731, subd. 3.   The recognizance describes the offence as the " unlawfully taking up and using an estray," but omits to charge that the act was done " without complying with the laws regulating estrays."   Pasc. Dig., art. 2441.   The words " without complying with the laws regulating estrays " are essential to a description of the offence.   *Hutchinson* v. *The State*, 26 Texas, 111 ; *Davis* v. *The State*, 30 Texas, 352 ; *The State* v. *Meschac*, 30 Texas, 518 ; *Estray Cases*, 31 Texas, 205 ; *Hicks* v. *The State*, 32 Texas, 368 ; *Stewart* v. *The State*, 37 Texas, 576.

Because it does not appear from the recognizance that the defendant or principal was charged with an offence against the laws of the State, the judgment of the court below is reversed and the prosecution dismissed.

*Reversed and dismissed.*