Lipscomb, J.
The errors assigned on which appellant seeks to reverse the judgment arc—
1st. That the court below erred in overruling the motion for a new trial, on the ground that the verdict was contrary to evidence.
2d. The court erred in rendering a judgment on the verdict against the appellant for a common assault, when he was indicted for an assault with an intent to murder.
The first ground can be disposed of by a reference to many decisions of this court. The statement of facts leaves it doubtful which commenced or made the first assault, and the jury had to determine by weighing the different statements made by the witnesses, as it was their peculiar province to do; and liad their finding been the other way it could no more have been field to be contrary to evidence than their finding the appellaflt guilty. It affords no ground for reversing the decision of the court in overruling the motion for a now trial.
The second ground has never before been presented to this court. It seems, however, to be the common practice in most of the States on a verdict finding a common assault or assault and battery, upon a count for an assault with intent to murder, to hold such finding good and valid. (Whart. Am. Crim. Law, 97; 5 Ohio R., 242 ; 7 Port. R., 4951) It seems to be a well-settled rule tiiat when an accusation of an offense includes an inferior one the jury may acquit the accused of the more atrocious and convict him of the iuferior offense. (State v. Cowell, 4 Ire. R., 231.) And in the State v. Gafney (4 Rice R., 431) the Court of Appeals of South Carolina held that the indictment uuder the statute for the murder of a slave would sustain a verdict for the inferior offense of “ killing in sudden heat and passion.” This doctrine appears to be well founded oil the principle that the greater offense includes the less and the less is merged in (he greater. So that after an acquittal or conviction of the higher offense it could be pleaded in bar to a prosecution for the less offense. (Whart. Am. Grim. Law, 141.) So the judgment in this case would be a bar lo *174 a prosecution for an assault or for an assault and battery. On principle and authority we believe there was no error in the court below rendering a judgment on the finding of tiie jury. It is therefore affirmed.
Note 62.—Gardenheir v. The State, post, 348; Johnson v. The State, 17 T., 515.
Judgment affirmed.