The State v. Huston.

THE STATE v. E. S. HUSTON.

An indictment for playing at a game with cards upon which money was bet, at a certain public house, &c., in which the word " at " is omitted before the words " a certain public house " is bad, because the word " at " in that connection forms an integral part of the description of the offence.

, Appeal from Nacogdoches. An indictment was preferred against the appellant, containing a charge, that the defendant " did play at a game with cards upon which money was then and there bet a certain public house," &c.

The defendant moved the Court to quash the indictment, because it did not charge the offence to have been committed at a place prohibited. The Court sustained the motion and the District Attorney appealed.

*Attorney General*, for appellant. Without the benefit of authority (which it would be difficult to find anywhere on a point so minute,) I am constrained to content myself with insisting that, on principle, this motion ought not to have been sustained. Certainty to a common intent is all that is required in indictments for misdemeanors. A sufficient description of the offence to apprise the defendant what he is called upon to answer, and to enable the Court to know what judgment to pronounce, will suffice. In this case the statute upon which the defendant was indicted, supplied the omitted word, and run over all uncertainty which might otherwise have existed. The degree of certainty necessary on this occasion is what would clearly have indicated the offence intended to be charged, to one having the statute before him. No one can read the indictment and statute and have any doubt of the verbal omission. (Whart. Am. Crim. Law, 81.)

WHEELER, J. We think the Court did not err in its judg-

ment.   A knowledge of the language of the statute enables us to perceive that the word "at" was omitted, no doubt by accident, after the word "bet." We know that is the appropriate word to supply the omission. But were it not for our acquaintance with the subject, we might suppose the omission as well supplied by any other word which would make sense and render· the sentence complete. It is evident that some word has been casually omitted. But, if we were at liberty to supply such an omission by intendment, there is nothing in the indictment which indicates that the omitted word should be at or in, rather than by or was, or any other word or phrase which would render the sentence grammatically accurate and complete. There is no more authority in law to supply this omission with the word at or in, than there would be had any other word in the sentence been omitted, to supply the appropriate word. And it will not be contended that there are not words in the description of the offence, the omission of which would be fatal to the indictment. In fine, it is clear that the word omitted is essential to the certainty necessary in the description of the offence. It cannot be supplied by intendment, and, of consequence, the omission must be fatal to the indictment. The judgment is affirmed.

Judgment affirmed.