The State v. Hutchinson.

upon he appealed and entered into recognizance conditioned as set forth in the opinion.

*F. W. Chandler*, for appellant.

*Attorney-General*, for appellee, moved to dismiss the appeal for want of a sufficient recognizance. (Art. 722, 723, Code of Crim. Procedure.)

---

The State v. James P. Hutchinson.

The omission in an indictment of the word " did," in charging the defendant with the commission of the acts supposed to constitute the offence, is a fatal defect, and cannot be supplied by intendment.

An indictment for unlawfully killing an animal coming within the meaning of an estray, which does not pursue the statutory definition of the offence, and omits to charge the act of the defendant to have been done " without complying with the laws regulating estrays," is bad.

Appeal from Lampasas. Tried below before the Hon. E. H. Vontress.

The appellee was indicted for unlawfully killing an "animal

coming within the meaning of an estray." The indictment charged that the defendant, "on the 10th day of March, A. D., 1860, in the aforesaid county of Lampasas, unlawfully, feloniously, take up and kill a certain beef steer," &c., alleging it to be an animal "coming within the meaning of an estray," but omitting to charge that the act was done "without complying with the laws regulating estrays."

On motion of the defendant, the indictment was quashed, and the District Attorney appealed in behalf of the State.

*Attorney-General,* for appellant.

WHEELER, C. J.—There is no error in the judgment. The objection that the indictment does not charge that the defendant "did" the acts supposed to constitute the offence, was well taken. The omission of so important a word, a word indispensable to make sense, in charging the offence, ought not to be supplied by intendment.

The indictment is bad moreover in not pursuing the statutory definition of the offence. It omits to charge the act of the defendant to have been done "without complying with the laws regulating estrays," which is made by the statute an ingredient of the offence. (Penal Code, art. 775*b*.)

The judgment is affirmed.

Judgment affirmed.