THE STATE v. A. J. DAUGHERTY.

Where an indictment omits a material word, although it be but a preposition or a helping verb, the court will not, from a knowledge of the language, supply the missing word, so as to supply the probable intention of the grand jury, but will sustain a judgment quashing the indictment.

APPEAL from Kaufman.    The case was tried before Hon. R. W. SCOTT, one of the district judges.

This was an indictment under the act of 28th May, 1864, "to punish unlawful interference with private  property or private rights."

₀The defendant was indicted in the district court of Kaufman county, at the fall term, 1865.

The indictment charged that the defendant, " A. J. Daugherty, late of said county, on the 1st day of August, 1865, with force and arms, in the county and state aforesaid, without lawful authority, molest, disturb, and take into his possession, and carry away and sell, one steer, of the value of $15, the private and personal property of H. K. Volintene, contrary," &c.

At the spring term, 1867, the defendant moved to quash the indictment, because it charged no offense.    The court sustained the motion, and the state appealed.

*William M. Walton, Attorney General,* for the state, considered this a test case, upon which some twenty or thirty others depended, and submitted it without argument.

*Green J. Clark,* for the appellee, argued upon the merits.

DONLEY, J.—The charge in the indictment is, that the defendant, " on the 1st day of August, 1865, with force and arms, in the county and state aforesaid, then and there, without lawful authority, molest, disturb, and take into his possession, and carry and sell one steer, of the value of $15," &c.

In The State v. Huston, 12 Tex., 245, it was averred, that the defendant did play at a game with cards, upon which money was then and there bet, a certain public house, &c. The court said: "A knowledge of the language of the statute enables us to perceive that the word "at" was omitted, no doubt by accident, after the word "bet." It is said, that it is evident that some word has been casually omitted, but there is no authority to supply the omission. Here the the word omitted is essential to the certainty necessary in the description of the offense, and that it cannot be supplied by intendment, and of consequence the omission must be fatal to the indictment."

In the cause now under consideration the word "did" is essential to the validity of the indictment. And it may be said in this, as in the case cited, that " there is evidently an omission in the indictment" which might be supplied by the insertion of a word. It is at the same time possible to supply the omission by averments, showing that no offense had been committed. The court can only pass upon questions that are presented for consideration. It cannot supply defects in pleading, by supposing to be inserted what it may be presumed the pleader intended.

There is no error in the judgment, and it is

AFFIRMED.