F. L. Hicks v. The State.

1—When a recognizance on an appeal from a conviction for a misdemeanor follows the charge made in the indictment, but neither the recognizance nor the indictment describe any offense known to the laws of this State, the appeal will not be dismissed for want of a sufficient recognizance, but the judgment will be reversed and the cause dismissed.

Appeal from Bandera. Tried below before the Hon. G. H. Noonan.

The opinion indicates the facts.

*E. B. Turner*, Attorney General, moved to dismiss the appeal.

No counsel for the appellant.

Caldwell, J.—There is a motion by the Attorney General to dismiss this case, because there is no sufficient recognizance. Yet, it is admitted by the Attorney General that the recognizance follows the indictment, which, itself, charges no offense against the laws of the State, and, in his opinion, ought to have been quashed.

The indictment is founded on Art. 2441, Paschal's Digest, but omits to charge that the act was done " without complying with the laws regulating estrays." (State v. Hutchinson, 26 Texas, 111.) The indictment is bad, and ought to have been quashed.

For this error, the judgment is reversed and the cause dismissed.

         Reversed and dismissed.