6   463
29   216

6   463,
30   682;

## T. B. CARROLL *v.* THE STATE.

1. RECOGNIZANCE. — The purpose of a recognizance is to secure the appearance of the defendant; and it is necessary that the verb "appear," or some equivalent word, be employed in its conditional or defeasance clause. A stipulation that the defendant shall "remain from day to day," etc., is not equivalent, in a recognizance for an appeal, to a stipulation that he shall *appear*, as well as remain.
2. CLERICAL OMISSION. — This court will not supply by intendment a necessary word, though its omission be obviously a mere clerical oversight.

APPEAL from the County Court of Comanche. Tried below before the County Judge.

The opinion discloses the case.

No brief for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State, moved to dismiss the appeal for want of a sufficient recognizance.

White, J.    The motion of the assistant attorney-general must be sustained, and the appeal in this case be dismissed, because the recognizance is fatally defective.

The condition of the recognizance is in these words : " To be void on condition that said defendant, T. B. Carroll, who is charged with the offence of an aggravated assault, before the County Court of the county of Comanche, on the 1st Monday of September next, there to remain from day to day, and from term to term, and not depart without leave of said County Court," etc.   Nowhere does the condition bind the cognizor to " appear."   To compel an appearance of the defendant is the object and purpose of a recognizance. 2 Pasc. Dig., arts. 6599, 6600.  .

The verb " appear," or some such equivalent word, is necessary between the words " aggravated assault" and the words " before the County Court," in the above condition, to make it sufficient.

It may be said that it is so apparent that the necessary word is omitted from mere clerical oversight, and that the appropriate word is so plain, that we will supply the omission.   Such is not our province or duty.   Even in as important a part of a criminal prosecution as the indictment, the rule is " that, where an indictment omits a material word, although it be a preposition or a helping verb, the court will not, from a knowledge of the language, supply the missing word, so as to supply the probable intention of the grand jury, but will sustain a judgment quashing the indictment."   *The State* v. *Daugherty*, 30 Texas, 360.   And where the preposition " at" was omitted in the description of an offence, it was held that the indictment was properly quashed, because it could not be properly supplied by intendment.   *The State* v. *Houston*, 12 Texas, 245.

If parties who desire their cases reviewed in this court are so negligent that they will not see that the necessary and appropriate steps to effect that purpose are taken, they must abide the consequences ; and in many cases will find

themselves, as in this instance, the victims of their own neglect, or of an inefficient clerk, who fails to do his duty by omitting a single important word.

The motion is sustained, and the appeal is dismissed.

*Appeal dismissed.*