## PETER GREEN *v.* THE STATE.

EVIDENCE — HEARSAY. — Declarations of the deceased, though made after and in explanation of the infliction of the fatal injury, but not concomitant therewith, nor made under a sense of impending death, are mere hearsay, and are not competent evidence either for the prosecution or the defence.

#### ON MOTION FOR REHEARING.

1. CONVICTION FOR A MINOR DEGREE. — The common-law rule that a conviction for misdemeanor could not be had on an indictment for felony has long been discarded in this State, and the converse principle authorizing a conviction for a minor degree of the offence charged in the indictment has been extended by the Revised Codes beyond the limits originally prescribed.

2. SAME — MURDER — ASSAULTS. — Art. 714 of the Revised Code of Procedure declares that murder includes all the lesser degrees of culpable homicide, and also an assault with intent to commit murder, and that an assault with intent to commit murder includes all assaults of an inferior

degree. *Held*, that a conviction for aggravated assault and battery may be had under an indictment for murder.

3. SAME.—The Revised Penal Code, art. 614, provides that if death be unintentionally inflicted under the influence of sudden passion and by means not calculated to kill, the inflicter "may be prosecuted for and convicted of any grade of assault and battery." *Held*, that this provision does not intend or imply that there must first be a prosecution and acquittal for the homicide, and afterwards a prosecution for some grade of assault and battery. The conviction for assault and battery may be had upon an indictment and trial for the homicide.

APPEAL from the District Court of Houston. Tried below before the Hon. W. D. WOOD.

The indictment charged the appellant and Milton Rhodes with the murder of Nathan Rhodes. On the separate trial of the appellant, the jury found him guilty of aggravated assault and battery, and assessed his punishment at a fine of $100.

The evidence shows that the deceased forced an unprovoked difficulty on the parties indicted, and in the course of it received a blow on the head with a stick, resulting in death from lock-jaw after a lapse of some three weeks. Medical witnesses thought that the lock-jaw was partly imputable to the imprudence of the deceased.

*W. B. Wall*, *Cooper & Cooper*, and *Harcourt & Harcourt*, for the appellant.

*Thomas Ball*, Assistant Attorney-General, for the State.

CLARK, J. The declarations of the deceased, made an hour or two subsequent to the affray, and after he had reached town in quest of medical attention, were not made evidently under a sense of approaching death, nor were they concomitant with the principal act. They were clearly narrative of a past occurrence, and came within the well-defined and well-understood rule of hearsay, and were inadmissible either for the prosecution or the defence. *Conn* v. *Dene-*

*more*, 12 Allen, 535. Cases which seemingly hold a contrary doctrine, many of which are referred to by counsel in their able brief, all rest upon the distinction that such declarations are admissible when connected by circumstances in evidence with the principal act. No such connection is shown to exist in this case. *Boothe* v. *The State*, 4 Texas Ct. App. 202.

With regard to the justification of the appellant for his participation in the act resulting in death, it suffices to say that the issue of self-defence was clearly submitted to the jury in appropriate instructions, and they have found against the appellant upon that issue. We see nothing in the record that authorizes us to disturb their finding, and the judgment is affirmed.

　*Affirmed.*

[After the rendition of the foregoing opinion, counsel for the appellant moved for a rehearing on grounds which are sufficiently indicated in the following opinion overruling the motion. — Reporters.]

Clark, J., on motion for rehearing. The doctrine, at common law, that upon an indictment for felony a conviction for misdemeanor could not be sustained, is against the weight of authority in the American States, and has long since been discarded in Texas. *Givens* v. *The State*, 6 Texas, 344. And before the adoption of the new Codes it was held that an indictment for murder would sustain a conviction for assault with intent to murder. *Stapp* v. *The State*, 3 Texas Ct. App. 138.

The obvious purpose and intent of the Revised Codes was to extend the principle by statute, in order that a prosecution might not altogether fail if the facts in evidence established any offence germane to and included within the charge named and set out in the indictment. The provisions of the original article of the Code of Criminal Procedure specify-

ing offences which include different degrees (art. 631) were amplified and enlarged to an extent hitherto unknown in our law, with this special object manifestly in view. The following provisions are found therein : —

"Art. 714. The following offences include different degrees : 1. Murder, which includes all the lesser degrees of culpable homicide, and also an assault with intent to commit murder. 2. An assault with intent to commit any felony, which includes all assaults of an inferior degree."

While in the enactment of these provisions the law-making power might have simplified the language so that its purpose might have been unmistakable, yet it distinctly appears to our minds to have been its purpose to sanction the very proceeding complained of in this instance. Murder is made to include an assault with intent to murder, and the latter, in turn, includes all assaults of an inferior degree, which is only a circumlocutory way of saying that murder includes the lesser grades of assault.

This construction is not antagonistic to, but in perfect harmony with, a provision of the Penal Code upon which the conviction was evidently based, and serves to give it proper and expeditious effect. That provision is as follows : —

" Where a homicide occurs under the influence of sudden passion, but by the use of means not in their nature calculated to produce death, the person killing is not deemed guilty of the homicide, unless it appear that there was an intention to kill ; but the party from whose act the death resulted may be prosecuted for and convicted of any grade of assault and battery." Penal Code, art. 614.

The term "prosecuted for," as used in this article, does not imply that there must be two separate and distinct prosecutions for the same act ; and such construction would tend greatly to the embarrassment of a proper administration of the law, and ought not to be sustained unless imperatively demanded by the language employed. Evidently, there must be a trial for the homicide, because only by adjudica-

tion can it be determined that the homicide was committed under the influence of sudden passion, but by the use of means not in their nature calculated to produce death, and that there was no apparent intention of killing. This must first be determined, before a conviction for any grade of assault and battery is authorized.

According to the theory of counsel, there must first be an indictment and trial for the homicide, and then, if the jury conclude that the facts above indicated did really exist, and acquit, the State must institute a fresh prosecution for some grade of assault. Apart from this being in contravention of the plain intent of the law, as indicated in the statutes quoted, the tendency of the law is altogether, and properly, the other way; and when a defendant is brought to the bar for any act violative of law, the law seeks to make a final disposition of the entire matter then and there, and for all time.

The motion for rehearing is overruled.

*Rehearing refused.*