Opinion delivered May 19, 1886.

[No. 3903.]

ROBERT JONES *v.* THE STATE.

1. ASSAULT TO MURDER—INDICTMENT.—If an indictment omits a material word, although it be but a preposition or a helping verb, the court will not, from a knowledge of the language, supply the missing word so as to supply the probable intention of the grand jury.   The charging part of the indictment in this case reads as follows: * * * * "Adam Carpen-

ter and R. Jones, on the tenth day of May, 1884, did then and there un-
lawfully, and with malice aforethought, make an assault in, and upon
the person of John Long, with intent him the said Long then and there
kill and murder," etc. *Held*, that the omission of the preposition "to"
before the words "kill and murder" was fatal to the sufficiency of the
indictment.

2. SAME—INDICTMENT sufficient to charge an assault with intent to murder
will support a conviction for an aggravated or a simple assault.

APPEAL from the District Court of Parker. Tried below be-
fore the Hon. R. E. Beckham.

The indictment sought to charge the appellant and Adam Car-
penter with an assault to murder one John Long, in Parker
county, Texas, on the tenth day of May, 1884. The appellant
being alone upon trial was convicted of an aggravated assault,
and his punishment was assessed at a fine of twenty-five dollars,
and thirty days confinement in the county jail.

*I. N. Roach* and *McCall & McCall*, for the appellant.

*J. H. Burts*, Assistant Attorney General for the State.

WHITE, PRESIDING JUDGE. Omitting formal parts, the indict-
ment in this case charges that "Adam Carpenter and R. Jones,
on the tenth day of May, 1884, did then and there, unlawfully
and with malice aforethought, make an assault in and upon the
person of John Long, with intent him the said John Long then
and there kill and murder; contrary to the form of the statute
in such cases made and provided, and against the peace and dig-
nity of the State." A severance was had at the trial by defend-
ants, and appellant, Jones, was convicted of an aggravated
assault and battery.

A motion in arrest of judgment was made upon the ground, *inter
alia*, that said indictment did not charge an assault with intent TO
murder,—the preposition "to" being omitted and left out entirely
before the words "kill and murder;" and that, consequently, no
offense what so ever was charged in said pretended indictment. It
is manifest that the omitted preposition "to" is essential to the cer-
tainty necessary in the description of the offense. "It can not
be supplied by intendment, and of consequence the omission
must be fatal to the indictment." (State v. Huston, 12 Texas,
245.)

In The State v. Daugherty, 30 Texas, 360, it was held that, "where an indictment omits a material word, although it be but a preposition or a helping verb, the court will not, from a knowledge of the language, supply the missing word so as to supply the probable intention of the grand jury." Omission of the word "did" will vitiate an indictment. (Edmundson v. The State, 41 Texas, 496; Moore v. The State, 7 Texas Ct. App., 42; Walker v. The State, 9 Texas Ct. App., 177.)

The indictment being fatally defective, in so far as it attempts to charge an assault with intent to murder, it is also, as framed, insufficient to charge an aggravated or simple assault,—no means as used nor circumstance of aggravation being therein alleged. Had the indictment been good for an assault with intent to murder, then, indeed, a defendant might under it have been convicted of the lesser grades of aggravated or simple assault, because our statute expressly provides that "an assault with intent to commit any felony includes all assaults of an inferior degree." (Code Crim. Proc., Art. 714, subdiv. 2.) It has always been the rule in this State that a defendant might be convicted of a common or aggravated assault on an indictment for an assault with intent to commit murder. (Givens v. The State, 6 Texas, 344; Gardenheir v. The State, id., 348; Johnson v. The State, 17 Texas, 515; Bittick v. The State, 40 Texas, 117; Peterson v. The State, 12 Texas Ct. App., 650; Davis v. The State, 20 Texas Ct. App., 302.)

Because the indictment is fatally defective in charging any offense, the judgment should have been arrested. Wherefore it is reversed, and the prosecution under said pretended indictment is dismissed.

*Reversed and dismissed.*