Opinion delivered May 15, 1889.

## No. 6467.

### Sam Riley v. The State.

1. Theft—Indictment.—The purpose of the indictment in this case was to charge the theft of a horse from the possession of one Henry Wright, but in drafting the indictment the pleader omitted the word "of" after the word possession. *Held*, that the omission is fatal to the conviction, inasmuch as the omitted word is essential to the accusation.
2. Same—Accomplice Testimony.—See the opinion in extenso for evidence of a State's witness *held* insufficient to inculpate the said witness as an accomplice to theft.

Appeal from the District Court of Callahan. Tried below before the Hon. T. H. Conner.

The opinion discloses the case.

The penalty assessed by the verdict was a term of five years in the penitentiary.

No brief for the appellant.

*W. L. Davidson*, Assistant Attorney General, for the State.

HURT, JUDGE. This conviction was for the theft of a horse. The indictment omits to allege that the horse was taken from the possession *of* Henry Wright, the preposition "of" being omitted. This, we think, is fatal to the sufficiency of the in-dictment.

An indictment for playing at a game with cards, at a certain public place, etc., in which the word "at" is omitted before the words "a certain public place," is bad, because the word "at" in that connection forms an integral part of the description of the offense, and hence can not be supplied by intendment. (The State v. Huston, 12 Texas, 245.) We can perceive no dif-ference in principle between the omission of "at" in the con-nection it should have been used and the word "of" in its proper place in this indictment. If "at" was necessary to a complete description of the offense sought to be charged, "of" is equally so to a complete description of the offense of theft.

Appellant was convicted upon the testimony of one Mark Munday, who was the only witness who swore to facts crimi-nating the appellant. There were some circumstances slightly tending to show Munday an accomplice. The learned judge charged the jury very fully upon the necessity of corroborating this witness, and the character of the corroboration required by the statute, leaving it to the jury to determine whether Munday was an accomplice or not. This was correct, but it is contended by counsel for appellant that Munday was an ac-complice, and that, as he is not corroborated, this conviction is wrong, and that the judgment for this reason should be re-versed. This is a correct proposition if it be true that the wit-ness was an accomplice in fact. What are the facts upon which it is sought to establish his complicity?

He states that Riley and Frank Munday rode up to the fence, and Frank called him (witness) out; that he went out to the fence and saw the appellant with the colt; that Frank said this is the colt that defendant traded me,—defendant being present holding the colt, but said nothing; that Frank asked me if he could put the colt in my pasture. I told him he could, where-upon defendant placed the colt in the pasture. That he was before the grand jury in April, 1888, when this matter relating to the theft of the colt was being investigated. That he testi-fied before the grand jury in relation to this matter about as he did on this trial. That the grand jury indicted him for this

theft, but the prosecution was dismissed at the October term, 1888.

A member of the grand jury was introduced by the appellant. He swears that Mark Munday was a witness before that body, and was interrogated with regard to the theft of the colt, but the witness did not remember the testimony.

These are all the facts which bear upon the question as to whether Munday was an accomplice. We hesitate not in saying that they do not possess that cogency which would justify this court in holding that the decision of the jury that Munday was not an accomplice was wrong, unless we infer that there must have been other facts before the grand jury upon which the indictment was found. We can make no such presumption.

It is not necessary that we pass on the sufficiency of the evidence to support the verdict, as the case may be tried again. Because the indictment is insufficient, the judgment is reversed and the prosecution dismissed.

*Reversed and dismissed.*