DR. J. R. ALFORD v. THE STATE.

*No. 857.   Decided May 13th, 1896.*

**1.   Recognizance on Appeal—Sufficiency of.**

While it is true that a recognizance must recite an offense against the laws of the State, yet, if it recites the offense set forth in the indictment it is sufficient.

**2.   Local Option—Illegal Prescription by a Physician—Indictment.**

An indictment against a physician, for illegally giving a prescription in violation of local option, to be sufficient, must allege, by proper averments, that local option was in force in the given territory, after an election had been held for its adoption in said territory.   Following, Stewart v. State, 35 Tex. Crim. Rep., 392.

APPEAL from the County Court of Hamilton.   Tried below before Hon. J. C. MAIN, County Judge.

Appeal from a conviction for illegally giving a prescription as a physician in violation of local option; penalty, a fine of $25, and twenty days' imprisonment in the county jail.   The indictment is set out in the opinion.

The Assistant Attorney-General moved to dismiss the appeal, because

the recognizance recited no offense; citing Rev. Stat., Art. 3239; Stewart v. State, 35 Tex. Crim. Rep., 392.

*J. A. Eidson*, for appellant.—The indictment is insufficient, because it does not charge any offense against the laws of this State. Stewart v. State, 35 Tex. Crim. Rep., 392; Sedberry v. State, 14 Tex. Crim. App., 233; Prather v. State, 12 Tex. Crim. App., 401.

*Mann Trice*, Assistant Attorney-General, for the State.

DAVIDSON, JUDGE.—Appellant was convicted of giving "a prescription to John Dorsey for the purpose of obtaining intoxicating liquors, in justice precinct number three, a subdivision of and in Hamilton County, in which said justice precinct the sale of intoxicating liquor had theretofore been and was then prohibited by the laws of said State; the said J. R. Alford being then and there a regular practicing physician, and the said John Dorsey not being then and there actually sick; and the said J. R. Alford did then and there give the said prescription to the said John Dorsey without a personal examination of the said John Dorsey,—against the peace and dignity of the State." Motion to dismiss the appeal is made upon the ground that the recognizance recites no offense against the law. The recognizance copied literally the charging part of the indictment as the recited offense for which the defendant stands charged, and of which he was convicted. While it is true that the recognizance must recite an offense against the laws of the State, yet, if it recites the offense set forth in the indictment, it is sufficient. See, Hicks v. State, 32 Texas, 368; Hart v. State, 2 Tex. Crim. App., 39. The motion to dismiss the appeal is overruled. Appellant contends that the indictment in this case is insufficient in that it fails to charge any offense against the laws of the State of Texas. It will be observed that the indictment, as above quoted, undertakes to charge an offense by a physician in giving a prescription in violation of the statute in a territory in which local option prevails. In order to charge this offense, it must be shown by proper averments that local option was in force within the given territory; that is, that a special election was held within said territory, etc. We deem it unnecessary to go into a discussion of this question in this case. The indictment is fatally defective, as urged by appellant, in not charging the offense; and for the reasons in support of this proposition, see, Stewart v. State, 35 Tex. Crim. Rep., 392; also, Com. v. Throckmorton (Ky.), 32 S. W. Rep., 130; Com. v. Boyd, Id., 130; Com. v. Howe, Id., 133. Because the indictment charges no offense against the law of this State, the judgment of the lower court is reversed, and the prosecution ordered dismissed.

*Reversed and Dismissed.*

HURT, Presiding Judge, absent.