## MONTE SCROGGINS v. THE STATE.

*No. 1026.    Decided May 20th, 1896.*

36 117
39 554

**Burglary—Indictment—Omission of an Essential Word.**

In burglary, it is essential to allege that the house was occupied by someone, and words which are necessary to allege such occupancy are essential to the description of the offense. An indictment for burglary, which described the house as "occupied S.," instead of "occupied by S.," is fatally defective in omitting the essential word "by" between the words "occupied" and the name of the occupant.

APPEAL from the District Court of Atascosa. Tried below before Hon. W. T. MERRIWETHER, Special Judge.

This appeal is from a conviction for burglary, with intent to commit theft, the punishment being assessed at three years' imprisonment in the penitentiary.

Defendant filed a motion to arrest the judgment, among other reasons, because the indictment does not show that the burglarized house was occupied by anyone. This motion was overruled.

No statement of facts in the record.

*T. W. Hankinson*, for appellant.—Every fact which is a constituent element of the offense, must be alleged in the indictment. Code Crim. Proc., Art. 420, Subdiv. 7; Kerry v. State, 17 Tex. Crim. App., 179; Strickland v. State, 19 Tex. Crim. App., 518; Parker v. State, 9 Tex. Crim. App., 351; Pierce v. State, 17 Tex. Crim. App., 232.

An omission of a material word will invalidate the indictment, and the omission of the word "by" renders the indictment senseless. Whar. Crim. Law, §§ 1555, 1577, 1610, 1616; Sparks v. State, 35 Texas, 349; State v. Huston, 12 Texas, 245; State v. Toney, 13 Texas, 74; State v. Hutchinson, 26 Texas, 111; State v. Daugherty, 30 Texas, 360; Ewing v. State, 1 Tex. Crim. App., 362.

*Mann Trice*, Assistant Attorney-General, for the State.

[No brief with the record.—Reporter.]

HENDERSON, JUDGE.—Appellant was convicted of burglary, with intent to commit theft. Omitting the preceding portions of the indictment, it is averred that appellant "did then and there unlawfully, by force, threats and fraud, break and enter a house there situated, and occupied Wm. Stonell, without the consent of the said Wm. Stonell," etc. The sufficiency of this indictment was attacked in the lower court, by motion in arrest of judgment, because it failed to aver that the house was occupied "by" William Stonell. · The contention is based upon the omission of the word "by" between the word "occupied" and the name "Wm. Stonell." In cases of burglary, it is necessary to allege the occupancy by some one, of the house broken into; and, unless this has been done, this offense is not averred. Words which are necessary to allege such occupancy, are essential to the certainty necessary in the description of the offense. Such words cannot be supplied by intendment; and, this being so, it necessarily follows that their omission would be fatal to the indictment. Such has been the uniform rule of decision in this State. In State v. Daugherty, 30 Texas, 360, it was held that "where an indictment omits a material word, although it be but a preposition or a helping verb, the court will not, from its knowledge of the language, supply the missing word, so as to supply the probable intention of the grand jury." In Jones v. State, 21 Tex. Crim. App., 349, it was held that the omitted preposition "to," preceding "kill and murder," was fatal to an indictment charging the offense of assault with intent to murder. See, State v. Hutchinson, 26 Texas, 111; Ewing v. State, 1 Tex. Crim. App., 362; Sparks v. State, 35 Texas, 349; Edmonson v. State, 41 Texas, 496; Moore v. State, 7 Tex. Crim. App., 42; State v. Huston, 12 Texas, 245; State v. Toney, 13 Texas, 74; Thompson v. State, 15 Tex. Crim. App., 39, 168. Under this line of authorities, the judgment in this case is reversed, and the prosecution ordered dismissed.

*Reversed and Dismissed.*