ELMO BELL V. THE STATE.

No. 6116. Decided February 23, 1921.

1.—Selling Intoxicating Liquors—Indictment—Negative Allegations.

Where, in negativing the statutory exceptions, the indictment used the conjunction "and" between the words "Scientific and sacramental," and by motion to quash defendant urges that this renders the indictment void: held, that such contention is untenable. Following Ex parte Meckel, 87 Texas Crim. Rep., 120; distinguishing Byrd v. State, 72 Texas Crim. Rep., 242.

2.—Same—Burden of Proof—Rule Stated.

The burden is not on defendant to prove that the sale was made under some one of the named exceptions, and that he is therefore not guilty, but is on the State to prove that it was not under any of them.                    o

Appeal from the District Court of Camp. Tried below before the Honorable J. A. Ward.

Appeal from a conviction of unlawfully selling intoxicating liquors in violation of the Dean law; penalty, one year confinement in the penitentiary.

The opinion states the case.

*J. D. Bass* and *C. G. Engledow,* for appellant.—On question of insufficiency of the indictment: cited cases in opinion.

*C. M. Cureton,* Attorney General and *Wallace Hawkins* and *Tom L. Beauchamp,* Assistant Attorneys General, for the State.

LATTIMORE, Judge.—Appellant was convicted in the District Court of Camp County of selling intoxicating liquor in violation of the Dean Law, Act Second Called Session Thirty-Sixth Legislature, page 228, and his punishment fixed at confinement in the penitentiary for a period of one year.

There is no statement of facts in the record, and but one question is here presented. In negativing the statutory exceptions the indictment uses the conjunction "and" between the words scientific and sacramental, and by motion to quash appellant urged that this rendered the indictment void. We do not think so. It is provided by our Code Criminal Procedure, Article 476 that an indictment shall not be held insufficient by reason of any defect or imperfection of form which does not prejudice the substantial rights of the defendant. It has been held in many cases which might be cited, that the word "and" and the word "or" may often be used interchangeably. Words and Phrases, Volume 1. Ex parte Meckel, 87 Texas Crim. Rep., 120, 220 S. W. Rep., 81. As we view it the insertion of the word "and" in the indictment in the place of the word "or" as same is used in the statute in enumerating the exceptions, only places an additional burden on the State, which in such case would have to show that accused not only sold intoxicating liquor but that he sold it under none of the exceptions named. We do not think this would prejudice any substantial right of the defendant. Under our decisions the burden is not on the defendant to prove that the sale was made under some one of the named exceptions and that he is therefore not guilty, but is on the State to prove that it was not under any of them. The question as to the character or quantity of proof required is one for the jury in each individual case. The Byrd case, 72 Texas Crim. Rep., 242, 182 S. W. Rep., 360, is the only authority cited by appellant, and is not in point as same comes under the well settled law of decisions wherein the prosecutions were for failures or omissions to perform some duty.

Finding no error in the record the judgment of the trial court will be affirmed.

*Affirmed.*