Nina Moore McAFEE, alias Virginia Moore McAfee, Appellant,

v.

The STATE of Texas, Appellee.

No. 35232.

Court of Criminal Appeals of Texas.

Jan. 23, 1963.

Henry Stollenwerck, Dallas, for appellant.

Henry Wade, Dist. Atty., H. D. Nicholson and Emmett Colvin, Jr., Asst. Dist. Attys., Dallas, and Leon B. Douglas, State's Atty., Austin, for the State.

WOODLEY, Presiding Judge.

The offense is unlawfully carrying a pistol; the punishment, a fine of $400.

Trial was before the court and facts which are sufficient to sustain the conviction were stipulated.

The sole ground for reversal is the overruling of appellant's plea of former jeopardy based upon a judgment of conviction in Criminal District Court for assault with a prohibited weapon, a two year suspended sentence being assessed.

The indictment in said cause alleged that the appellant herein "did, while then and there unlawfully carrying on and about her person a pistol, wilfully and upon E. M. Lovell make an assault."

In the absence of any allegation that the assault charged was made with the pistol, the indictment alleged no offense which the District Court had jurisdiction to try.

Jeopardy will attach only upon a good and sufficient accusatory pleading. Jurisdiction of the court trying the prior cause is an essential prerequisite where jeopardy is pleaded. Ogle v. State, 43 Tex. Cr.R. 219, 63 S.W. 1009; 10 Tex.Jur.2d, Criminal Law, Sec. 121.

 The District Court being without jurisdiction to enter the judgment of conviction pleaded in bar of this prosecution, the question of whether a conviction for assault with a prohibited weapon would bar a subsequent prosecution for unlawfully carrying such weapon need not be decided.

We observe however that we have held that a conviction for murder by accident while driving drunk would constitute a bar to a subsequent prosecution for such drunk driving. Such holding would appear to be analogous. See Paxton v. State, 151 Tex. Cr.R. 324, 207 S.W.2d 876.

The judgment is affirmed.