**Santiago G. PACHECO, Jr., Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 50933.**

Court of Criminal Appeals of Texas.

Nov. 5, 1975.

Antonio G. Cantu, San Antonio, on appeal only, for appellant.

Ted Butler, Dist. Atty., Michael Schill and Susan D. Reed, Asst. Dist. Attys., San Antonio, Jim D. Vollers, State's Atty., and David S. McAngus, Asst. State's Atty., Austin, for the State.

OPINION

ODOM, Judge.

Appellant was convicted of aggravated assault with a deadly weapon. Punishment was assessed at ten years.

Appellant waived his right to demand prosecution upon indictment and proceeded to trial upon information. Art. 1.141, V.A.C.C.P. In his only ground of error appellant challenges the sufficiency of the information to charge an offense. In material part the information alleges that appellant:

> "did then and there use a pistol, a deadly weapon, to intentionally threaten imminent bodily injury to Ernest Riojas. . . ."

We perceive no material difference between alleging that one intentionally threatened another with imminent bodily injury by using a pistol and alleging that one used a pistol to intentionally threaten another with imminent bodily injury. Each is sufficient to allege aggravated assault with a deadly weapon under V.T.C.A. Penal Code, Sections 22.01(a)(2) and 22.02(a)(3).[1] The ground of error is overruled.

The judgment is affirmed.

DOUGLAS, J., not participating.

---

1. V.T.C.A. Penal Code, Sec. 22.01(a)(2), provides:

    "(a) A person commits an offense if he:

    ". . .

    "(2) intentionally or knowingly threatens another with imminent bodily injury; or . . ."

V.T.C.A. Penal Code, Sec. 22.02(a)(3), provides:

    "(a) A person commits an offense if he commits assault as defined in Section 22.01 of this code and he:

    ". . .

    "(3) uses a deadly weapon. . . ."