Donald Glynne **PASS**, Appellant,

v.

The **STATE** of Texas, Appellee.

No. 04–81–00125–CR.

Court of Appeals of Texas, San Antonio.

March 31, 1982.

Discretionary Review Refused June 16, 1982.

Martin Underwood, Comstock, for appellant.

Tully Shahan, Dist. Atty., Del Rio, for appellee.

Before ESQUIVEL, CANTU and BASKIN, JJ.

## OPINION

CANTU, Justice.

Appeal is taken from a conviction of aggravated assault with a deadly weapon. Trial was to the court and punishment was assessed at two years' imprisonment, probated.

In two related grounds of error appellant challenges the sufficiency of the indictment to charge the offense of aggravated assault under Tex.Penal Code Ann. § 22.02(a)(3) (Vernon 1974). Appellant asserts that the trial court lacked jurisdiction to try the offense charged by the indictment because the indictment charges only misdemeanor assault, inasmuch as (1) the aggravating element is alleged without the requisite culpability and (2) the assault was not alleged to have been committed by use of a deadly weapon. The trial court was not favored with a motion to quash the indictment on the grounds now advanced; however, the contentions were raised by a motion in arrest of judgment and in an amended motion for new trial.

Appellant does not take the position that the indictment fails to charge an offense under Texas law but rather contends that the indictment properly charges misdemeanor assault [1] and therefore, the district

1. See Tex.Penal Code Ann. § 22.01(a)(2) (Vernon 1974).

2. See Tex.Code Crim.Pro.Ann. art. 21.26 (Vernon 1966); *Suarez v. State*, 532 S.W.2d 602 (Tex.Crim.App.1976).

court was without jurisdiction to try the matter. He urges us to set aside the judgment of conviction and remand to the district court with instructions to transfer to the appropriate inferior court.[2]

The indictment, formal parts omitted, alleged that appellant "... did then and there use a firearm, a deadly weapon, and intentionally threaten imminent bodily injury to Daniel Cruz." Tex.Penal Code Ann. § 22.02(a)(3) (Vernon 1974), addressing aggravated assault with a deadly weapon as it existed on the date of the offense, prior to its being amended by the 66th Legislature, effective September 1, 1979, read in pertinent part:

(a) A person commits an offense if he commits assault as defined in § 22.01 of this Code and he:

&ast; &ast; &ast; &ast; &ast; &ast;

(3) uses a deadly weapon.

Tex.Penal Code Ann. § 22.01 (Vernon 1974) defining assault, as it existed prior to legislative amendments effective July 22, 1977, August 27, 1979 and September 1, 1979, read in pertinent part:

(a) A person commits an offense if he:

&ast; &ast; &ast; &ast; &ast; &ast;

(2) intentionally or knowingly threatens another with imminent bodily injury ....

Appellant readily concedes that the instant indictment properly alleges an assault under § 22.01(a)(2).[3] He likewise recognizes that the indictment "apparently attempts" to charge the third-degree felony offense of aggravated assault with a deadly weapon but he argues that the effort was ineffective, since the indictment fails to allege that the use of a deadly weapon was intentional or with one of the other culpable mental states prescribed by Tex.Penal Code Ann. § 6.02 (Vernon 1974).[4] Appel-

3. Under § 22.01(a)(2) the assault would constitute a Class C misdemeanor.

4. *Requirement of Culpability*
(a) Except as provided in subsection (b) of this section, a person does not commit an offense unless he intentionally, knowingly, recklessly, or with criminal negligence en-

lant further argues that the aggravating factors which raise the misdemeanor assault to felony aggravated assault constitute "conduct" requiring an additional culpable mental state evidencing the mens rea of the aggravating factor.

Appellant would have us hold that an indictment charging aggravated assault under § 22.02(a)(3) requires the allegation that the use of the deadly weapon was intentional or with one of the other appropriate culpable mental states under § 6.02.

Appellant finds some support for his contention in the suggested form contained in S. Willson, Texas Criminal Forms Annotated § 7.06 (8th ed. 1977), which offers the following:

A. B., did then and there intentionally and knowingly, . . . use a deadly weapon, to-wit: . . . a firearm . . . and did then and there . . . threaten C. D. with imminent bodily injury by the use of said deadly weapon.

We do not agree that the foregoing suggested method of indicting for the offense of aggravated assault with a deadly weapon is a model form for pleading. We do, however, think it is preferable to the instant pleading under attack. The course that would best guarantee the legal sufficiency of an indictment, surely, would be to simply track the precise words of the statute.

However, our problem is not one of preference but rather of compliance, and so we must decide whether the instant indictment complies with the requisites of the statute.

In *Pacheco v. State,* 529 S.W.2d 77 (Tex. Crim.App.1975) the instrument charging aggravated assault with a deadly weapon alleged that the defendant " . . . did then and there use a pistol, a deadly weapon, to intentionally threaten imminent bodily injury to Ernest Riojas." The Court of Criminal Appeals, in holding that there was no difference between alleging that one "intentionally threatened another with imminent bodily injury by using a pistol" and one "used a pistol to intentionally threaten

another with imminent bodily injury," nevertheless, did not address the necessity of requiring a culpable mental state for the use of the pistol.

In *McElroy v. State,* 528 S.W.2d 831 (Tex. Crim.App.1975), the indictment alleged that the defendant " . . . did then and there unlawfully, intentionally and knowingly use a deadly weapon, to wit: a knife, that in the manner of its use and intended use was capable of causing death or serious bodily injury to Gary Allen Eoff, by cutting him with said knife." The defendant challenged the sufficiency of the indictment to charge an assault. The Court of Criminal Appeals approved the indictment as tracking the language of the statutes involved without commenting on whether it was necessary to allege two culpable mental states.

Again, in *Williams v. State,* 524 S.W.2d 73 (Tex.Crim.App.1975), the indictment alleging aggravated assault contained the following language, " . . . [the defendant] did then and there intentionally and knowingly use and exhibit a deadly weapon namely: a pistol . . . ." However, without addressing the question of culpable mental states, the Court of Criminal Appeals reversed, in the interest of justice, because the indictment failed to allege the underlying assault.

We are unaware of any case directly addressing appellant's contention. However, by examining the case law on indictments for other aggravated offenses, we may reach a conclusion by analogy. Regarding aggravated robbery,[5] the cases of *Bilbrey v. State,* 594 S.W.2d 754 (Tex.Crim.App.1980), *Ex parte County,* 577 S.W.2d 260 (Tex.Crim. App.1979) and *Ex parte Santellana,* 606 S.W.2d 331 (Tex.Crim.App.1980) are pertinent.

In *Bilbrey v. State, supra,* the defendant made almost the identical contention being advanced by appellant in the instant case. The defendant in that case contended that

gages in conduct as the definition of the offense requires.

5. Tex.Penal Code Ann. § 29.03 (Vernon 1974).

the aggravating factor [6] required the additional allegation that the accused intentionally and knowingly exhibited the weapon. The Court of Criminal Appeals, in recognizing the required elements of § 29.03(a)(2) as being present in the indictment, refused to adopt the defendant's argument.

In *Ex parte County, supra,* the indictment failed to allege the underlying robbery in proper terms, either under § 29.-02(a)(1) or § 29.02(a)(2), although it did allege the aggravating portion, that the defendant did "... intentionally and knowingly use and exhibit a deadly weapon, namely: a shotgun ...." The opinion by Judge Phillips, while not stating that a culpable mental state is required for the aggravating portion, does recognize, in listing the particular elements of aggravated robbery, that a culpable mental state is required for the underlying assault.

In *Ex parte Santellana, supra,* the Court of Criminal Appeals, sitting *en banc,* in analyzing an aggravated robbery indictment, concluded that two culpable mental states were required. First, the offender must act with intent to obtain and maintain control over property, and second, his threatening or placing the victim in fear must be intentional or knowing. Further, the Court restated the litany of elements of aggravated robbery stated in *Ex parte County, supra.* In that listing there is no requirement that the using or exhibiting of a deadly weapon be "knowing or intentional." Although given the opportunity to hold that the using or exhibiting a deadly weapon also requires a culpable mental state, the Court ruled *sub silentio* that such was not a requirement of aggravated robbery.

As for indictments charging aggravated rape,[7] the case of *Jason v. State,* 589 S.W.2d 447 (Tex.Crim.App.1979) is instructive. In *Jason,* the contention was raised that the indictment which purported to allege ag-

gravated rape of a child, was fundamentally defective because it failed to allege in the aggravating portion [8] that the accused "knowingly and intentionally" compelled submission to the offense. The Court of Criminal Appeals, relying upon *Ex parte Smith,* 571 S.W.2d 22 (Tex.Crim.App.1978), held that the reference to knowingly and intentionally having sexual intercourse carried over to the aggravating portion so as to include a culpable mental state by implication.

Again, regarding indictments for aggravated kidnapping,[9] the case of *Phillips v. State,* 597 S.W.2d 929 (Tex.Crim.App.1980) offers persuasive authority. In *Phillips,* the defendant contended that the indictments for aggravated kidnapping of two victims were fundamentally defective inasmuch as they failed to allege a culpable mental state in the aggravating element as was done in the abduction portion. In rejecting the contention, the court listed the elements of aggravated kidnapping, calling for allegation of a culpable mental state only as it refers to the abduction.

None of the cases relied upon by appellant address the instant problem, therefore, they are not enlightening. In keeping with the construction placed by the Court of Criminal Appeals on similar statutes, we hold that the allegation of a second culpable mental state in the aggravating portion of an indictment for aggravated assault under § 22.02(a)(3) is not required, and that the indictment in the instant case was not fundamentally defective for that reason. Appellant's first ground of error is overruled.

■ In his second ground of error, appellant contends that, as worded, the indictment correctly charges misdemeanor assault but fails to charge aggravated assault inasmuch as it does not charge that such assault was committed by using a deadly

6. Tex.Penal Code Ann. § 29.03 (Vernon 1974)
   (a) a person commits an offense if he commits robbery as defined in § 29.02 and he:
   (2) uses or exhibits a deadly weapon.

7. Tex.Penal Code Ann. § 21.03 (Vernon 1974).

8. Tex.Penal Code Ann. §§ 21.09 and 21.03(a)(2) (Vernon 1974) prior to its amendment by the 67th Legislature, effective September 1, 1981.

9. Tex.Penal Code Ann. § 20.04 (Vernon 1974).

weapon. Stated another way, appellant insists the indictment merely charges that he used a firearm on or about August 15, 1976 *and* that he committed a misdemeanor assault on the same day, and that the two allegations are not related to each other by the words of the indictment. Appellant interprets the indictment as failing to charge that the deadly weapon was used in the assault. He thus argues that aggravated assault should not be held to consist of an unrelated coincidence of use of a firearm and the commission of a misdemeanor assault, even if occurring on or about the same date.

While we have no argument with appellant's objections, we do not construe the indictment as loosely as he does. His argument appears to address itself to the certainty required [10] rather than the substance of the indictment.[11]

Appellant relies heavily upon the cases of *Pacheco v. State, supra,* and *McAfee v. State,* 363 S.W.2d 941 (Tex.Crim.App.1963). He vigorously argues that since an aggravated assault may be committed in either of the ways approved in *Pacheco* and because the instant indictment traces neither of the approved methods but instead alleges "and" rather than "to" or "by," the indictment cannot be held to be sufficient.

In *McAfee v. State, supra,* the indictment failed to allege an assault with a prohibited weapon because it merely recited that the accused committed an assault upon the complainant while unlawfully carrying on and about her person a pistol.[12] Clearly the *McAfee* indictment fails to charge that the assault was made with the pistol. Unlike *McAfee,* in which the indictment merely alleges that the accused *carried* a pistol on and about her person, the indictment in the instant case alleges *use* of a firearm.

Appellant also vigorously invokes the holding in *Teal v. State,* 543 S.W.2d 371 (Tex.Crim.App.1976) for the proposition that in a case of aggravated assault with serious bodily injury, the aggravating portion addressing "deadly weapon" necessarily requires that the injuries be effected *by* the use of a deadly weapon. The crucial question then is whether use of the word "and" and omission of the word "by" rendered the indictment invalid as a felony accusation. We think not.

We agree that a substitution of "by" for the word "and" would have been more grammatically correct. Perhaps by simply alleging the word "threaten" in the past tense, so as to read "threatened," the same clarity could be achieved. We do not believe that the indictment suffers the infirmity ascribed to it by appellant.

During the early history of our appellate courts, in reviewing criminal matters, there were numerous reversals based upon omission of a single word in the charging instrument. *See Barfield v. State,* 39 Tex.Cr.R. 342, 45 S.W. 1015 (1898); *Menasco v. State,* 73 Tex. 662, 11 S.W. 898 (1889); *Jester v. State,* 26 Tex.App. 369, 9 S.W. 616 (1888); *Jones v. State,* 21 Tex.App. 349, 17 S.W. 424 (1886); *Moore v. State,* 7 Tex.App. 42 (1879); *Ewing v. State,* 1 Tex.App. 362 (1876); *Edmondson v. State,* 41 Tex. 496 (1874); *State v. Daugherty,* 30 Tex. 360 (1867); *State v. Hutchinson,* 26 Tex. 111 (1861). Occasionally the courts would hold that error was not presented if in reading the entire indictment the meaning was made clear. *See Stephens v. State,* 69 Tex. Cr.R. 437, 154 S.W. 996 (1913); *Chase v. State,* 28 S.W. 952 (1894). Our Court of Criminal Appeals sometimes refused to find error unless the defect or imperfection of form prejudiced the substantial rights of the accused. *Bell v. State,* 88 Tex.Cr.R. 507, 228 S.W. 232 (1921).

The recent trend, however, has returned to the logic of *Stephens v. State, supra.* In *Linton v. State,* 452 S.W.2d 494 (Tex.Crim. App.1970) the indictment omitted the word "to" following the word "intent" in the

---

10. *See* Tex.Code Crim.Pro.Ann. arts. 21.04, 21.-11 (Vernon 1974).

11. *See* Tex.Code Crim.Pro.Ann. arts. 27.08 (Vernon 1974).

12. The indictment reads "did, while then and there unlawfully carrying on and about her person a pistol, willfully and upon E. M. Lovell make an assault."

phrase "with intent [to] then and there . . . ." The Court of Criminal Appeals held the omission to be nonfatal because it did not affect the certainty necessary in the description of the offense, nor did it affect the meaning. *See*, however, *Mesa v. State*, 462 S.W.2d 600 (Tex.Crim.App.1971).

In 1973, the Court of Criminal Appeals, in *Zapata v. State*, 493 S.W.2d 801 (Tex.Crim. App.1973) *cert. denied*, 414 U.S. 1128, 94 S.Ct. 865, 38 L.Ed.2d 752, abandoned the *per se* test in *Edmondson v. State, supra*, expressly overruling all cases in conflict with the *Zapata* opinion and stated the true test to be "whether the indictment sets out the offense charged in plain and intelligible language." Under the Court's holding, we are no longer to concern ourselves with whether the inclusion of an omitted word "would make the charging portion read smoother and more grammatically correct."

In *Terry v. State*, 517 S.W.2d 554 (Tex. Crim.App.1975) the Court was confronted with the validity of indictments omitting the word "did." In keeping with the holding in *Zapata v. State, supra*, the Court refused to hold the indictments unclear and unintelligible. In addition, the Court took the liberty of noting that had the active verb "make" been stated in the past tense, the indictment would have been without defect and sufficiently intelligible to any reasonable accused or his attorney.

Finally, in *Butler v. State*, 551 S.W.2d 412 (Tex.Crim.App.1977) the Court was confronted once again with an indictment containing the word "of" instead of the word "by." Adhering to the liberties taken in *Terry v. State, supra*, and the test laid out in *Stephens v. State, supra*, the Court concluded that the two words were intended to have the same meaning and the indictment, when read as a whole, was clear and unambiguous and correctly alleged the particular offense in question.

We think, in line with the holdings of our Court of Criminal Appeals in recent cases, that the instant indictment when read as a whole sufficiently alleges aggravated assault with a deadly weapon.

We further note that under the liberal test announced in *Terry v. State, supra*, substitution of the word "threatened" as past tense of "threaten" removes whatever lack of clarity the indictment is claimed to have.[13]

In addition, the word "and" has a multitude of meanings in English usage. Webster's New International Dictionary of the English Language, (2d ed. 1959) defines "and" as having the same meaning as the phrases "as well as" and "at the same time." "And" is also defined as a "logical or semantic modification of one of the connected ideas by the other: (1) in figurative expression, joining elements, one of which logically qualifies the other."

We are mindful of the long-standing rule prohibiting a reviewing court from supplying, by intendment, an indispensable omitted word so as to make sense where sense might not exist. *State v. Hutchinson, supra*. While questioning the present validity of the rule in view of the holding in *Zapata v. State, supra, Terry v. State, supra*, and *Butler v. State, supra*, we nevertheless do not feel obligated to take a contrary position to the rule, since we hold that the word "and" as used in the indictment connotes the same meaning as "at the same time." This renders the indictment sufficient to charge the felony offense of aggravated assault with a deadly weapon in such terms as will enable appellant to plead the judgment that may be given upon it in bar of any prosecution for the same offense.

Finding no reversible error, the judgment is affirmed.

---

**13.** When the word "threatened" is substituted, the indictment reads ". . . did then and there use a firearm, a deadly weapon and intentionally threaten[ed] bodily injury to Daniel Cruz."