EARL McKINNEY v. THE STATE.

No. 7539. Decided December 5, 1923.

Rehearing denied January 16, 1924.

1.—Murder—Charge of Court—Limitation—Date of Offense.

Where the date of the offense was laid in 1916 and the indictment was presented in April, 1922, and the evidence raised the issue of lower grades of offense than murder, there was no error in the Court's charge in charging on manslaughter, aggravated assault, and simple assault, and also instructing the Jury that if a reasonable doubt of defendant's guilt of the offense of murder was entertained by the jury they should acquit him, although they might believe him guilty of the other offenses mentioned in as much as they were barred by limitation, there is no reversible error. Following Fulcher v. State, 33 Texas Crim. Rep., 22 and other cases.

2.—Same—Suspended Sentence—Charge of Court.

The statute permitting the jury to suspend the sentence of one convicted of a felony having no application to the offense of murder, there was no error in refusing to instruct the jury upon that issue.

3.—Same—Charge of Court—Justifiable Homicide—Taking Watermelon.

The Court was right in refusing to instruct the jury that the killing of the deceased would have been justifiable if it had been committed for the purpose of preventing theft at night. Following Espalin v. State, 90 Texas Crim. Rep., 629, because the act of taking watermelon from the farm of defendant the deceased was not committing theft but a misdemeanor as defined by article 1234 P. C.

4.—Same—Rehearing—Manslaughter—Prior Statute.

Appellant's contention that if this case had been tried at a time when manslaughter and the lower grades of assault had not been barred by the statute of limitation, appellant would not have been convicted of murder but of some lower grade of assault is purely speculative and untenable.

5.—Same—Sufficiency of the Evidence.

Where upon trial of murder the evidence sustained the conviction, there is no reversible error. Distinguishing Teague v. State, 84 Texas Crim. Rep., 169.

6.—Same—Charge of Court—Requested Charge.

Where the requested charges were substantially contained in the main charge, there was no error in refusing them.

7.—Same—Charge of Court—Lower Grades of Offense.

Appellant's contention that the Court should have permitted the Jury to return a verdict for manslaughter or some grade of assault if they found appellant to be guilty of such under the instructions of the Court, and then have left it to appellant to say whether he would accept the verdict or interpose his plea of limitation later is untenable.

Appeal from the District Court of Wood. Tried below before the Honorable J. R. Warren.

Appeal from a conviction of murder; penalty five years imprisonment in the penitentiary.

The opinion states the case.

*Preston Martin,* for appellant.—On question of Court's charge of manslaughter Tonnahill v. State, 234 S. W. Rep., 75; Carr v. State, 230 id., 405; Simonds v. State, 175 id., 1064; Martin v. State, 158 id., 994; Williams v. State, 235 id., 594; Nothaf v. State, 240 id., 936.

*R. G. Storey,* Assistant Attorney General, for the State.—Cited cases in opinion.

MORROW, Presiding Judge.—The appeal is from a judgment condemning the appellant to confinement in the penitentiary for a period of five years for the offense of murder.

Using a shotgun loaded with small shot, the appellant shot and killed Hobson Sullivan, a youth fifteen years of age. The shot was fired at night-time when the deceased and his companion, a boy thir-

teen years of age, were in a watermelon patch belonging to the appellant.

According to the State's evidence, the deceased and his companion went to a church where religious services were about to begin and agreed to go together to the appellant's watermelon patch and get some watermelons. They entered the enclosure at a point about 400 yards from the appellant's dwelling-house. When Sullivan stooped down to thump a watermelon, the appellant arose and said: "Oh, yes, God damn you, you are in my melon patch, and I am going to kill you!" The companion ran and as Sullivan arose to his feet to run away, the appellant shot him.

Evidence of declarations by the appellant showing a specific intent to kill were introduced in evidence. According to the appellant's version, a few days prior to the homicide, some unknown person had made depredations upon his watermelon patch, and a number of his choice melons marked "seed" were taken. He found and identified the rinds of five or six melons, and rinds of one or more melons not marked "seed" were found some three-quarters of a mile from his home on which were scratched some vulgar words.

The appellant, with his wife and boy, went to church on the night of the homicide, which was not far from his home. Soon after the beginning of the services, the conduct of some boys indicated that they were going into his watermelon patch. He went to his home and while there saw two boys at his well. He invited them to come in and have some watermelon, but they ran off, using some ugly words in their flight. He took a cushion, a quilt and a shotgun and went to a point in his cotton field near the melon patch. While waiting there he saw two persons approaching. When the deceased and his companion had come near him, appellant said to them: "It looks like you boys are going to tote them all off; get out." One of the boys ran. The other "turned his face toward me and made one or two steps."

Appellant said: "It excited me, and I went all to pieces." When the boy advanced one or two steps, the shot was fired. Appellant disclaiming any intention of harming any one at the time he got his gun and went to the melon patch. He said that if both boys had run he would not have fired.

The date of the offense was laid in 1916. The indictment was presented in April, 1922.

The court instructed the jury on the law of murder and self-defense and explained to the jury that the appellant had a right to protect his property and also to defend against any act or demonstration which, as viewed from the standpoint of the appellant, reasonably appeared to seriously endanger his life, person, or his property. The law of manslaughter was also defined in an adequate and proper manner. The law of aggravated assault, as well as simple assault, was likewise defined. The jury was informed that if a reasonable doubt

as to the appellant's guilt of the offense of murder was entertained, he should be acquitted, although they might believe him guilty of one of the other offenses mentioned, inasmuch as the offenses of all grades lower than murder were barred by limitation. The statutes of this state prescribe the time within which the prosecution of certain offenses will be barred by the period of limitation. Article 228 of the Code of Crim. Procedure declares:

"An indictment for all other felonies may be presented within three years from the commission of the offense, and not afterward, except murder, for which an indictment may be presented at any time."

This article covers the offense of manslaughter and other lower grades of voluntary homicide. White v. State, 4 Texas Crim. App. 488; Temple v. State, 15 Texas Crim. App. 304; 49 Amer. Rep. 200; Moore v. State, 20 Texas Crim. App. 275; Fulcher v. State, 33 Texas Crim. Rep. 22. The decisions of this court are specific and uniform in holding that while an indictment for murder embracing lower grades of homicide may be prosecuted at any time, the right to prosecute for murder alone survives beyond the period of three years. In instructing the jury in the present case, the court followed the statutes and precedents as understood by this court.

Both the averment in the indictment and the evidence make it clear that the homicide took place more than three years anterior to the presentment of the indictment. Therefore, murder was the only offense embraced in the indictment of which the appellant could have been convicted. Assuming that there was mitigating evidence, adequate in a legal sense to reduce the grade of the offense, the propriety of informing the jury in appropriate language of the nature of the other offenses embraced in the indictment for murder and made applicable by the facts developed seems obvious. Such an instruction was necessary and desirable in order to protect the interest of the accused. It was favorable to him.

The statute permitting the jury to suspend the sentence of one convicted of a felony having no application to the offense of murder, there was no error in refusing to instruct the jury upon that issue. See Art. 865b, Code of Crim. Proc.

The court was right in refusing to instruct the jury that the killing of the deceased would have been justifiable if it had been committed for the purpose of preventing theft at night. Article 1105 of the Penal Code asserting such right has no application to the transaction under consideration. If the deceased was in the act of taking a watermelon from the farm of the appellant, he was not committing theft but a misdemeanor as defined by Article 1234 of the Penal Code. The case of Espalin v. State, 90 Texas Crim. Rep., 629, deals with the subject in these words:

"Our conclusion is that one who kills another while the latter is engaged in an act comprehended by the terms of Article 1234, supra,

could not as a matter of law claim such act to be justifiable homicide, but this in nowise affects one's right to act in defense of property as given under Article 1107, Vernon's P. C.''

Judge Lattimore, in writing the opinion, reviews the authorities and states the reasons upon which the conclusion is founded. A reiteration of these reasons in this opinion is deemed unnecessary. Suffice it to say that the ruling in the Espalin case, supra, is deemed sound and controlling of the point under discussion in the present appeal.

The judgment is affirmed.

*Affirmed.*

ON REHEARING.

January 16, 1924.

HAWKINS, JUDGE.—It is argued persuasively in the motion for rehearing that if this case had been tried at a time when manslaughter and the lower grades of assault had not been barred by the statute of limitations appellant would not have been convicted of murder but of some lower grade of assault. This may be true but the matter is entirely speculative. We can not agree with appellant's further contention made in this connection that the evidence does not sustain the conviction for murder. We find proof that after depredations on his melon patch appellant had contemplated the setting of a ''trap gun'' and in fact had gone so far as to prepare the trap but had not yet placed the gun therein; when appellant found deceased in his melon patch he said, ''Oh, yes, God-damn you, you are in my melon patch and I am going to kill you.''

It is also shown that after the shooting a witness asked appellant if he killed anybody to which the reply was made. ''I don't know, I shot to kill and I know I hit them.''

It is further in proof that in speaking about the homicide later appellant said: ''It wouldn't have happened if I had known who it was. I thought it was..........I was after somebody else, I thought I was getting another boy.''

The foregoing evidence together with the other circumstances in proof warranted the jury in finding appellant guilty of murder. Appellant appears to rely largely upon the case of Teague v. State, 84 Texas Crim. Rep., 169, 206, S. W. Rep., 193. As requested we have carefully examined this case and are unable to find anything therein contrary to the views expressed by us in the original opinion or in conflict with the law as given in charge to the jury by the learned trial judge. It appears to have been unnecessary for the court to give special charge number two requested by appellant. The principle of law therein contained was specifically submitted to the jury

in paragraph twelve of the main charge directing the jury in substance that if appellant fired his gun on the occasion in question without any intent to shoot deceased but with the purpose of frightening him and that the firing of the gun was calculated under the circumstances to effect that object that appellant would have been guilty only of a simple assault. We find no difference in the legal effect of the charge given and the one refused.

Appellant lodges complaint at the procedure of the learned trial judge in having instructed the jury that if they should believe appellant to have been guilty either of manslaughter, aggravated assault or simple asault, they must acquit him as those offenses were barred by the statute of limitations. As we understand it the proposition urged is that the court should have permitted the jury to return a verdict for manslaughter or some grade of assault if they found appellant to be guilty of such under the instructions of the court, and then have left it to appellant to say whether he would accept the verdict or interpose his plea of limitation later. We can not agree to the soundness of this contention. The courts are not called upon to do a useless or unnecessary thing and the learned trial judge recognized that all offenses included under the indictment were barred save that of murder, and it was his duty to instruct the jury as he did.

After carefully reviewing the record we are confirmed in our views that proper disposition has been made of the case, and the motion for rehearing is overruled..

*Overruled.*