**Rudy Ortiz JUAREZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 46413.**

Court of Criminal Appeals of Texas.

June 27, 1973.

Michael L. Morrow, Dallas, for appellant.

Henry Wade, Dist. Atty., and James B. Scott, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., and Robert A. Huttash, Asst. State's Atty., Austin, for the State.

## OPINION

MORRISON, Judge.

The offense is burglary; the punishment, enhanced under Article 63, Vernon's Ann.P.C., life.

Appellant's first ground of error challenges the sufficiency of the evidence.

George Renfro testified that at 2:00 p. m. on July 20, 1971, he saw appellant and another man enter the home of his neighbor Mary B. Taylor, through the back screen porch. Renfro's wife called the police. Renfro later saw appellant come out of the house escorted by a police officer.

Dallas Police Officer L. R. Burns testified that, upon his arrival at the Taylor home, he observed that a portion of the screen on the back porch had been cut and a window on the back door broken. On entering, he saw appellant seated at the dining room table. Moments later another man came out of the kitchen. Burns found a television set and a stereo unit, unplugged and with the cords wrapped, on the porch. A search of the second man produced a screwdriver.

Mary Taylor testified she lived at the address in question, that the screen and window were intact and the doors locked when she left the house earlier in the day, and that she gave no one permission to enter her house or take her possessions. She further testified that the television and stereo had been removed from their usual places.

The court charged on principals.

Appellant specifically contends that his mere presence at the scene is insufficient to implicate him in the offense and that there is no evidence to indicate appellant knew of the other man's unlawful intent.

In Benton v. State, 164 Tex.Cr.R. 618, 302 S.W.2d 138, we concluded, as we do here, that:

". . . where an accused was found in an apartment in which he had no authority to be and to which the doors had been closed by the occupant sometime prior to the discovery of the accused, the evidence was sufficient . . ."

See also Hutchinson v. State, Tex.Cr.App., 481 S.W.2d 881; Hall v. State, 161 Tex. Cr.R. 460, 278 S.W.2d 297.

The second ground of error relates to one of the convictions alleged for enhancement.

Appellant contends the evidence is insufficient to show the second prior conviction alleged for enhancement was for an offense committed after the first prior conviction alleged became final.

The record reflects that the second prior conviction for felony theft became final on September 17, 1958. The indictment was presented in September of 1958. In Childress v. State, 472 S.W.2d 133, this Court said that where there is a final conviction the offense should be presumed to have been committed sometime within the period of limitations prior to the filing of the indictment. The Statute of Limitations for theft is five years. Article 12.03, Vernon's Ann.C.C.P.

The first prior conviction alleged for enhancement became final on November 18,

**640**

1949. The evidence is, therefore, sufficient to show the first prior conviction alleged for enhancement was a final conviction before the commission of the offense which resulted in the second prior conviction.

 The judgment and sentence reflect that appellant was convicted of burglary and further finds that, theretofore, he had been convicted of the offense of burglary as alleged for enhancement in the second paragraph of the indictment and that, theretofore, he had been convicted of burglary as alleged for enhancement in the third prior paragraph of the indictment. The record, however, reflects that the offense alleged for enhancement in the second paragraph was the offense of felony theft and not burglary. The judgment and sentence are reformed to reflect this correction. Johnson v. State, Tex.Cr.App., 478 S.W.2d 442.

As reformed, the judgment is affirmed.