**Charles JEFFERSON, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 59822.**

Court of Criminal Appeals of Texas, Panel No. 3.

Feb. 4, 1981.

Bill Vannatta, Waco, for appellant.

Felipe Reyna, Dist. Atty. and Randall L. Rogers, Asst. Dist. Atty., Waco, Robert Huttash, State's Atty., Austin, for the State.

Before TOM G. DAVIS, McCORMICK and TEAGUE, JJ.

## OPINION

McCORMICK, Judge.

This is an appeal from a conviction for escape under V.T.C.A., Penal Code, Section 38.07. Punishment, enhanced by two prior felonies, was assessed at life.

We must reverse this cause, as appellant contends, because the prosecutor failed to introduce sufficient evidence that appellant's second previous conviction, used for enhancement, was for an offense committed after the first previous felony conviction became final. V.T.C.A., Penal Code, Section 12.42(d).

The record reveals that the indictment's enhancement paragraphs contained allegations that appellant had been twice previously convicted of felonies. The first enhancement paragraph alleged appellant had been convicted of theft and sentenced on October 13, 1970 in Cause No. 152459 in Harris County. The second allegation, Cause No. 111341 from Harris County, stated that appellant had been convicted of burglary and sentenced on August 7, 1964. The indictment alleged that Cause No. 111341 was a final conviction prior to the commission of the offense in Cause No. 152459.

During the punishment phase, the prosecutor introduced into evidence the judgment and sentence for each of the two prior felony convictions alleged in the indictment. The indictments for these prior offenses were not introduced into evidence. The judgments do not reflect the date of the commission of the offenses. In addition, the prosecutor introduced several other previous convictions, one of which included the indictment and date of an offense that would have been sufficient to sustain an enhanced punishment under Section 12.42(d), supra, had it been alleged. However, there is nothing in the record which indicates when the offense in Cause No. 152459, upon which the second conviction was based, was committed.

Section 12.42(d), supra, reads:

"If it be shown on the trial of any felony offense that the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction he shall be punished by confinement in the Texas Department of Corrections for life."

This Court has repeatedly held that the State is required to prove beyond a reasonable doubt that the second previous offense for which the accused has been convicted was committed after the first became final. *Porter v. State*, 566 S.W.2d 621 (Tex.Cr. App.1978); *Hickman v. State*, 548 S.W.2d 736 (Tex.Cr.App.1977); *Wiggins v. State*, 539 S.W.2d 142 (Tex.Cr.App.1976). In this case, the State, by failing to show the date of the offense, did not meet its burden of proof. See *Hernandez v. State*, 530 S.W.2d 563 (Tex.Cr.App.1975). We must, therefore, hold that there was no evidence that the conviction in Cause No. 111341 was final when appellant committed the offense in Cause No. 152459.

Since the jury assessed punishment, we may not reform the sentence or remand for a new trial on punishment only. *Williams v. State*, 596 S.W.2d 903 (Tex.Cr.App.1980).

The judgment is reversed and remanded.