Jerry Wayne PEACOCK, Appellant,

v.

The STATE of Texas, Appellee.

No. 12–82–0077–CR.

Court of Appeals of Texas,
Tyler.

Feb. 28, 1985.

Rehearing Denied April 11, 1985.

John R. Smith, Center, for appellant.

John Walker, Dist. Atty., Center, for appellee.

SUMMERS, Chief Justice.

Jerry Wayne Peacock was convicted of aggravated assault, and mandatory punishment of life imprisonment was assessed by the court based on the jury's finding of two prior felony convictions. We affirm.

Peacock argues in his first ground of error and its subparts that the trial court's charge to the jury was defective in that it constituted a comment on the weight of the evidence, that the charge failed to require the jury to find that the knife used by Peacock to commit the assault was a deadly weapon, and that the court erred in refusing to submit the lesser included offense of simple assault. The paragraph applying the law to the facts reads as follows:

> Now if you find from the evidence beyond a reasonable doubt that on or about the 10th day of October, 1981, in Shelby County, Texas, the Defendant, Jerry Wayne Peacock, did intentionally and knowingly commit an assault on Melvin Mock by use of a deadly weapon,

to-wit: by stabbing him with a knife, and thereby inflict bodily injury upon him, as alleged in the indictment, you will find the Defendant guilty of aggravated assault as charged in the indictment.

In a preceding paragraph of the charge, the court defined a deadly weapon in accordance with Sec. 1.07(a)(11), Tex.Penal Code Ann. (Vernon 1974).

■ The argument that the charge is a comment on the weight of the evidence was raised in *McElroy v. State*, 528 S.W.2d 831 (Tex.Cr.App.1975). In that case, the Court of Criminal Appeals held that the inclusion of the definition of a deadly weapon in a previous paragraph of the charge required the jury to find that the knife was in fact a deadly weapon; that when the charging paragraph is read together with the deadly weapon definition, "the paragraph complained of does not declare that the knife used was a deadly weapon," *McElroy, supra* at 834; and that no error is shown.

In *Hawkins v. State*, 605 S.W.2d 586 (Tex.Cr.App.1980), the Court of Criminal Appeals was presented with the same language in the charge as is contained in the case at bar, and again held that the definition of a deadly weapon contained in a previous paragraph together with the charging paragraph "sufficiently instructed that the evidence must prove the knife to be a deadly weapon, as defined, before the appellant could be convicted." *Hawkins, supra* at 589.

■ The last portion of appellant's first ground of error alleges that the court erred in not submitting the lesser included offense of simple assault. In determining whether a charge on a lesser included offense is required, a two-step analysis is to be used. First, the lesser included offense must be included within the proof necessary to establish the offense charged. Secondly, there must be some evidence in the record that if the defendant is guilty, he is guilty of only the lesser offense. *Bravo v. State*, 627 S.W.2d 152, 157 (Tex.Cr.App. 1982, en banc); *Johnson v. State*, 623 S.W.2d 654, 657 (Tex.Cr.App.1981); *Royster v. State*, 622 S.W.2d 442, 446–47 (Tex.

Cr.App.1981); *Watson v. State*, 605 S.W.2d 877 (Tex.Cr.App.1980).

■ Police officers Burgay and Harbison, who witnessed the assault, testified that the knife was used by Peacock in a manner capable of causing death or serious bodily injury and as used was a deadly weapon. Peacock did not testify and offered no evidence in rebuttal to show that the knife was *not* used as a deadly weapon. While proving an aggravated assault, the State likewise proved a simple assault upon the complainant. Thus, the lesser included offense of simple assault was included within the proof necessary to establish the offense charged of aggravated assault. However, there was no evidence presented at trial which showed that appellant, if guilty, was only guilty of the lesser included offense of simple assault. We hold that the court did not err in refusing to submit a charge on the lesser included offense of simple assault. Peacock's first ground of error is overruled.

■ Peacock urges in his second ground of error that the indictment is defective because it does not allege a culpable mental state with respect to the aggravating fact allegation. The indictment states:

Jerry Wayne Peacock ... did:
on or about the 10th day of October, A.D., 1981, and before the presentment of this indictment, in the County and State aforesaid, intentionally and knowingly cause bodily injury to Melvin Mock, by stabbing him with a knife, and did then and there use a deadly weapon, to-wit: a knife.

In essence, Peacock argues that the failure of the indictment to include a second culpable mental state with regard to the use of the deadly weapon is error. We disagree.

In *Pass v. State*, 634 S.W.2d 857 (Tex. App.—San Antonio 1982, pet. ref'd), the court held that a second culpable mental state was not required in the aggravating portion of an indictment for aggravated assault. The indictment in *Pass* alleged that the defendant "did then and there use a firearm, a deadly weapon, and intention-

ally threaten imminent bodily injury to (the victim)." Peacock argues that *Pass* is distinguishable from this case because a knife was used, i.e., an instrument that is not a deadly weapon *per se*. We see no distinction between a deadly weapon *per se* and one that is not with regard to the requirement that two independent culpable states be included in the indictment. *See also Gonzalez v. State,* 659 S.W.2d 470 (Tex.App.—Corpus Christi 1983, pet. ref'd) (two culpable mental states not required in an indictment charging aggravated assault by throwing a brick through a window at the victim). Peacock's second ground is overruled.

■ In his third ground of error Peacock asserts that there was insufficient competent evidence to establish the commission of the offenses alleged for enhancement. This ground attacks the testimony of Bill Warren, who was Peacock's attorney in the first offense used for enhancement. The testimony was used to establish that Peacock was convicted of the first enhancement offense and that the conviction was final. Peacock contends that, pursuant to art. 38.10,[1] Warren was incompetent to testify. Art. 38.10 "serves as a rule of evidence that bars disclosure, without the consent of the client, *of communications that pass in confidence* between the client and his attorney during the course of professional employment" *Ballew v. State,* 640 S.W.2d 237, 239 (Tex.Cr.App.1980) (emphasis added); *Brasfield v. State,* 600 S.W.2d 288 (Tex.Cr.App.1980). We disagree with appellant that the testimony elicited from Warren embodied any confidential communication between Warren and Peacock. Whether Peacock was convicted of the prior offense, or whether that conviction is final, was shown by public records. Warren's testimony did not violate art. 38.10. No error is shown.

■ Peacock also contends that the State failed to prove beyond a reasonable doubt that the second previous offense

used for enhancement was committed after the first conviction became final. *Jefferson v. State,* 611 S.W.2d 102 (Tex.Cr.App. 1981). The State introduced into evidence the judgment in the first offense (theft) which establishes that Peacock was convicted of that offense on September 7, 1967. Warren testified that no appeal was perfected, and that judgment became final. The evidence further shows that the indictment in the second offense (aggravated assault) was filed on March 5, 1976. A judgment of conviction was entered on July 26, 1976. Where there is a final conviction, the Court will presume that the offense was committed sometime within the period of limitations prior to the filing of the indictment. *Juarez v. State,* 496 S.W.2d 638 (Tex.Cr.App.1973). The statute of limitations for aggravated assault is three years. Art. 12.01(4). Therefore, we may assume that the second offense was committed after March 5, 1973, which is a date after the first offense became final. The State, therefore, proved beyond a reasonable doubt that the second previous offense used for enhancement was committed after the first conviction became final. Peacock's third ground is overruled.

■ When asked whether appellant was ready for trial, appellant's attorney read the witness list to determine if a material defense witness, Loyce Marie Fowler, was present. After discovering that Fowler was not present, Peacock's attorney made an oral motion for continuance in order to procure Fowler's presence at trial. The motion was not in writing and sworn to as required by arts. 29.03 and 29.08. The motion was overruled. No abuse of discretion is shown. Appellant's fourth ground of error is overruled.

■ In his fifth ground of error, appellant asserts that the jury committed misconduct by discussing (1) the parole laws and (2) appellant's failure to testify at trial during deliberations in his guilt-innocence

---

1. This and all other statutory references are to Tex.Code Crim.Proc.Ann. unless otherwise noted.

phase of the trial. Appellant argues that the such misconduct constitutes reversible error. Jury discussion of the parole laws is always misconduct. However, whether the misconduct warrants reversal depends on the facts of each case. *Sanders v. State,* 580 S.W.2d 349, 351 (Tex.Cr.App.1979). Discussion of the parole laws is reversible error only when it amounts to receipt of new evidence by the jury or where the discussion deprives the defendant of a fair and impartial trial. *Heredia v. State,* 528 S.W.2d 847 (Tex.Cr.App.1975); *Jones v. State,* 596 S.W.2d 134 (Tex.Cr.App.1980); Art. 40.03, secs. 7, 8. Considering all the evidence produced at the hearing on Peacock's motion for new trial and the factors used to determine whether the misconduct was reversible error, *see, e.g., Vasquez v. State,* 632 S.W.2d 180, 183 (Tex.App.—Corpus Christi 1982, pet. ref'd), we do not agree with appellant that he was denied a fair and impartial trial or that the jury heard new and unsworn testimony while deliberating. The jury's slight references to Peacock's parole in a prior sentence was innocuous and harmless. Likewise, the discussion regarding appellant's failure to testify was harmless in view of the jury foreman's admonishment to the jury that it could not be used against him. Appellant's fifth ground is overruled.

▮ Prior to trial, the trial court granted the State's motion in limine prohibiting the defendant's attorney and his witnesses from alluding or inferring at voir dire or the guilt/innocence phase of trial to the automatic life sentence under the habitual criminal statute. In his sixth ground of error, Peacock argues that the jury was improperly informed by the State at voir dire that he would get a life sentence in violation of the State's motion in limine. Peacock failed to object at voir dire when the range of punishment was mentioned. No error is preserved. The sixth ground is overruled.

The judgment of the trial court is affirmed.

1. *See* TEX.PENAL CODE ANN. § 12.42(d) (Vernon Supp.1985).

## SUPPLEMENTAL OPINION ON MOTION FOR REHEARING

On original submission, we held that the State proved beyond a reasonable doubt that the second previous felony conviction used for enhancement occurred after the first previous felony conviction became final.[1] The two previous felony convictions were aggravated assault (final conviction in 1976) and theft (final conviction in 1967). We reached our decision by presuming that the aggravated assault was committed sometime within the three year period of limitations prior to the filing of the indictment in 1976. *See Ex Parte Girmus,* 640 S.W.2d 619 (Tex.Cr.App.1982); *Juarez v. State,* 496 S.W.2d 638 (Tex.Cr.App.1973). Peacock contends in his motion for rehearing that we are in error in presuming that the offense was committed within the period of limitations because the indictment in the aggravated assault conviction charged Peacock with attempted murder for which there is no statute of limitations.[2] Peacock further argues that the offense could have been committed anytime prior to the presentment of the indictment, and the State's failure to introduce other evidence proving the date the offense was committed entitles Peacock to a reversal of the life sentence imposed by the trial court.

▮ The 1976 indictment charged Peacock with attempted murder; however, Peacock was convicted of aggravated assault, which is a lesser included offense. *Doss v. State,* 636 S.W.2d 564 (Tex.App.—Waco 1982, no pet.). It is well settled law, although seldom used, that one may not be convicted of a lesser included offense if the period of limitations for the lesser offense has expired, notwithstanding the fact that one may be convicted of the larger offense, if the period of limitations is longer for that offense. *McKinney v. State,* 96 Tex. Crim. 342, 257 S.W. 258 (1923); *see also* Annot., 47 A.L.R.2d 887 (1956). In *McKinney,* the indictment was presented in 1922

2. TEX.CODE CRIM.PROC.ANN. arts. 12.01, 12.-03 (Vernon 1977).

and charged the defendant with murder. The offense allegedly occurred in 1916. The court held that the jury was properly charged that if McKinney was guilty, he was only guilty of murder since the three year period of limitations had expired on all other lesser included offenses.

We therefore disagree with Peacock's assertions that the aggravated assault could have been committed anytime prior to 1976. The offense must have been committed after March 5, 1973, because the indictment under which Peacock was convicted was presented on March 5, 1976. Since March 5, 1973, is well after the 1967 conviction for theft, we adhere to our prior holding that the State proved beyond a reasonable doubt that the second previous felony conviction occurred after the first felony conviction became final.

Peacock's motion for rehearing is overruled.