**Jerry Wayne PEACOCK,**

.v.

**STATE of Texas.**

**No. 9:94CV87.**

United States District Court, E.D. Texas, Lufkin Division.

March 8, 1995.

---

Jerry Wayne Peacock, pro se.

### MEMORANDUM ORDER ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

HANNAH, District Judge.

Petitioner filed this habeas corpus petition pursuant to 28 U.S.C. § 2254.

The court heretofore ordered that this matter be referred to the Honorable Earl S. Hines, United States Magistrate Judge, at Beaumont, Texas, for consideration pursuant to applicable laws and orders of this court. The court has received and considered the Report of the United States Magistrate Judge filed pursuant to such order, along with the record, pleadings and all available evidence. No objections to the Report of the United States Magistrate Judge were filed by the parties.

Accordingly, the findings of fact and conclusions of law of the magistrate judge are correct and the report of the magistrate judge is **ADOPTED.** A final judgment will be entered in this case in accordance with the magistrate judge's recommendations.

### FINAL JUDGMENT

This action came on before the Court, Honorable John Hannah, Jr., District Judge, presiding, and the issues having been duly considered and a decision having been duly rendered, it is

**ORDERED** and **ADJUDGED** that this Petition for Writ of Habeas Corpus is **DENIED.** All motions by either party not previously ruled on are hereby **DENIED.**

### REPORT AND RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

HINES, United States Magistrate Judge.

This is a petition for a writ of habeas corpus filed by Jerry Wayne Peacock, a convicted prisoner in the custody of the Texas

Department of Criminal Justice, Institutional Division, Coffield Unit. Jurisdiction is based on 28 U.S.C. § 2254.

This action was referred to a United States magistrate judge pursuant to Title 28 U.S.C. § 636, for review, evidentiary hearing if deemed necessary, and submission of a report and recommendation.

## I. NATURE OF THE CASE AND EXHAUSTION OF STATE REMEDIES

On November 9, 1981, petitioner was indicted in the 123rd Judicial District Court of Shelby County, Texas for an aggravated assault that occurred on or about October 10, 1981. He entered a plea of not guilty in Cause No. 11,684. Petitioner further was charged with two prior convictions for enhancement of punishment purposes. One of these convictions was for a 1967 theft, the other was for a 1975 aggravated assault. Petitioner pleaded not true to the enhancement provision.

A jury found petitioner guilty of aggravated assault. At the punishment stage of petitioner's trial, the Shelby County district attorney called Bill Warren, Esq. as a witness. Warren had represented Peacock in the 1967 theft case but also had prosecuted him as district attorney in the 1975 assault. Regarding the date of the second offense, the district attorney questioned Warren as follows:

Q: What day did he admit the crime actually occurred or first of all, did he admit that the crime occurred and if so, on what day?

A: That is two questions. Yes, he admitted that the crime, well, he admitted that he committed an aggravated assault. The date was the date alleged in the indictment which was December 21, 1975.

The exchange between the district attorney and Warren continued regarding the date of the second crime. The district attorney employed a novel trial tactic and asked the witness to write "the date you testified that he actually committed the act, that he confessed in open court, he committed that act." The witness complied and wrote the date on a piece of paper. The questioning continued,

Q: Well sir, you already testified on December the 21st, 1975, in Cause Number 11,013, he committed the aggravated assault, is that correct?

A: That's correct.

Q: All right, my question is, did that occur, did the actual date occur after he was finally convicted on the theft charge?

A: After he was convicted?

Q: Yes, sir.

A: Yes, after he was convicted.

The district attorney then asked:

Q: Mr. Warren, I want to ask you one other question about these convictions you have testified about. The theft conviction that you testified about, I believe it was 10,052, did that conviction become final prior to the commission of the offense in 11,013, which I believe you testified occurred on December 21, 1975?

A: Yes, sir, it did.

The jury found the enhancement provision to be true. The jury assessed petitioner's punishment to be life in prison.

The conviction was affirmed on direct appeal by the Court of Appeals for the Twelfth Supreme Judicial District of Texas on February 28, 1985. *Peacock v. State*, 690 S.W.2d 613 (Tex.App.—Tyler 1985). On November 17, 1993, the Texas Court of Criminal Appeals denied without written order Peacock's petition for discretionary review. *Peacock v. State*, P.D.R. No. 6543–03 (Tex.Crim.App. 1993). Petitioner also filed a state writ of habeas corpus, which was denied. *Ex Parte Peacock*, Application No. 11,684–8 (Tex.Crim.App., Oct. 4, 1993). Due to the procedural history of this case, it is properly before this court.

## II. STANDARD OF REVIEW FOR FEDERAL EVIDENTIARY HEARING

■ To merit a federal evidentiary hearing, the burden is on the habeas corpus petitioner to allege facts which, if proved,

would entitle him to relief. *Taylor v. Maggio,* 727 F.2d 341, 347 (5th Cir.1984). No hearing is required where the petitioner alleges only conclusory allegations, *Mattheson v. King,* 751 F.2d 1432, 1448 (5th Cir.1985), *cert. dismissed,* 475 U.S. 1138, 106 S.Ct. 1798, 90 L.Ed.2d 343 (1986), or where the record is complete and the evidence presented is sufficient to provide a full review of the petitioner's claim. *Skillern v. Estelle,* 720 F.2d 839, 850–51 (5th Cir.1983), *cert. denied sub nom., Skillern v. Procunier,* 469 U.S. 873, 105 S.Ct. 224, 83 L.Ed.2d 153 (1984); *Baldwin v. Maggio,* 704 F.2d 1325, 1327–28 (5th Cir.1983), *cert. denied,* 467 U.S. 1220, 104 S.Ct. 2669, 81 L.Ed.2d 374 (1984). Unless the habeas corpus petitioner alleged with specificity a claim upon which relief can be granted and demonstrated his state hearing was not a full, fair, or adequate hearing, *see* 28 U.S.C. § 2254(d), the decision of whether to hold an evidentiary hearing is discretionary in the district court. *Daigre v. Maggio,* 705 F.2d 786, 787–88 (5th Cir.1983).

No federal evidentiary hearing is required in this case, nor is one sought by petitioner. The record is complete and the evidence presented at trial and in the state habeas corpus proceeding is sufficient to provide full review of petitioner's claims.

### III. Petitioner's Argument

Petitioner asserts there was insufficient evidence, or rather "no evidence," to support a jury finding of true to his enhancement provision. *See In re Winship,* 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970) (due process forbids criminal conviction without sufficient proof). He argues the date of the second offense was not proven to have occurred after the first conviction became final. He claims the attempt to prove the date with "hearsay" is prohibited by the Texas courts, and the use of the statute of limitations to presume the date of the second offense likewise was erroneous. As a consequence, the second conviction should not be permitted for enhancement purposes.

### IV. Discussion

Texas' habitual offender statute provides that a person convicted of certain felonies shall be punished with "a term of 25 to 99 years, to life, if the defendant is convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final...." Tex.Penal Code Ann. § 12.42(d) (Vernon 1994). Proof of the date of the second crime's commission therefore becomes essential to assessment of punishment under the enhancement provision. *See Hickman v. State,* 548 S.W.2d 736 (Tex.Crim.App.1977).

Repeat or habitual offender enhancement statutes, both state and federal, have opened a Pandora's box in the judicial and prison systems. *See, e.g.,* George P. Apostolides, Note, *18 U.S.C. § 924(c)(1): The Court's Construction of "Use" and "Second or Subsequent Conviction,"* 84 J.Crim.L. 1006 (1994); David Dormant, Note, *For the Good of the Adult: An Examination of the Constitutionality of Using Prior Juvenile Adjudications to Enhance Adult Sentences,* 75 Minn.L.Rev. 7769 (1991); Richard A. Galt, Comment, *The Use of Out-of-State Convictions for Enhancing Sentencing of Repeat Offenders,* 57 Alb. L.Rev. 1133 (1994); D. Brian King, Note, *Sentencing Enhancement Based on Unconstitutional Prior Convictions,* 64 N.Y.U.L.Rev. 1373 (1989).

Texas has not been immune from this definitional morass. Texas state courts have wrestled with the very issue petitioner advances in this case. In 1960, the Texas Court of Criminal Appeals found an indictment, alleging the crime was committed "on or about" a certain date, was insufficient to prove when a second crime actually was committed. *Rogers v. State,* 169 Tex.Crim. 239, 333 S.W.2d 383 (1960). The courts began to employ a method of proving second offense dates by utilizing the statute of limitations. This method presumed that a second felony would have been perpetrated within the statute of limitations of the crime alleged in the indictment. *See, e.g., Moore v. State,* 802 S.W.2d 367 (Tex.App.—Dallas 1990, *pet. ref'd* ). In 1987, the Court of Criminal Appeals held a jury assessing punishment must receive an explicit instruction about the use of the presumption method to calculate the offense date. *Ex Parte Klasing,* 738 S.W.2d

648, 649 (Tex.Crim.App.1987), *overruled on other grounds, Ex Parte Brown,* 757 S.W.2d 367 (Tex.Crim.App.1988) (en banc). Adopting the reasoning of the Fifth Circuit in *Stokes v. Procunier,* 744 F.2d 475 (5th Cir. 1984), the *Klasing* court wrote:

> When the State relies on the indictment to prove the sequence of convictions for enhancement purposes and the jury is the fact finder, then the State must introduce some evidence that the jury was utilizing the statute of limitations in calculating the date of the commission of the offense.

*Id.*

On petitioner's direct appeal, the Twelfth Supreme Judicial District employed this presumption method and held that

> [t]he evidence ... shows that the indictment in the second offense ... was filed on March 5, 1976. A judgment of conviction was entered on July 26, 1976. Where there is a final conviction, the court will presume that the offense was committed sometime within the statute of the limitations prior to the filing of the indictment. *Juarez v. State,* 496 S.W.2d 638 (Tex.Cr. App.1973). The statute of limitations for aggravated assault is three years. Art. 12.01(4). Therefore we may assume that the second offense was committed after March 5, 1973, which is a date after the first offense became final.

*Peacock v. State,* 690 S.W.2d at 616.

■ This court is not bound by the presumption method of proof utilized by the state court. *Stokes,* 744 F.2d at 483. Instead, an independent determination of the sufficiency of the evidence must be made. *Id.*

■ The correct standard of review for the evaluation of a sufficiency of evidence habeas claim is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia,* 443 U.S. 307, 99 S.Ct. 2781, 61 L.Ed.2d 560 (1979). Testimony cannot be

declared incredible as a matter of law unless it is "so unbelievable on its face that it defies physical laws." *United States v. Gardea Carrasco,* 830 F.2d 41, 43 (5th Cir.1987).

In *Stokes,* the Fifth Circuit remanded a case to the district court with instructions to grant the writ of habeas corpus in a situation very analogous to the one before this court. Stokes, 744 F.2d at 483. However, the court of appeals based its decision on the fact that

> the State failed to introduce *any* evidence of the state Stokes committed the second felony. Since the State produced *no* evidence as to this essential element, it is impossible to say a "rational trier of fact could have found beyond a reasonable doubt the facts necessary to support a life sentence."

*Id.* (emphasis added).

■ This is not a case of "no evidence," as argued by petitioner. Review of the trial record reveals the prosecution in Peacock's case introduced direct testimony from the person who prosecuted Peacock in the 1975 assault. Bill Warren testified repeatedly that the date of the offense was December 21, 1975. While petitioner challenges Warren's testimony as having been "changed" by the district attorney, examination of the record does not support this allegation. When Warren was asked "[w]hat day did he admit the crime actually occurred or first of all, did he admit that the crime occurred and if so, on what day?," he answered as would the quintessential attorney or law professor when faced with the dreaded "compound" question:[1] he parsed it into its two distinct portions and answered each individually. Warren never waffled when the singular question regarding the actual date of the offense was posed. He unequivocally stated it occurred on December 21, 1975. The record therefore supports a finding that a rational fact finder could have found this was the date of the offense.

### V. RECOMMENDATION

Petitioner's request for habeas corpus relief should be denied.

---

**1.** *See* FED.R.EVID. 611; 28 CHARLES A. WRIGHT & VICTOR J. GOLD, FEDERAL PRACTICE AND PROCEDURE § 6164.

## VI. OBJECTIONS

Within ten (10) days after receipt of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained within this report within ten days after service shall bar an aggrieved party from *de novo* review by the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn,* 474 U.S. 140, 148, 106 S.Ct. 466, 471, 88 L.Ed.2d 435 (1985); *Rodriguez v. Bowen,* 857 F.2d 275, 276–277 (5th Cir.1988).

SIGNED this 24th day of January, 1995.