

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0354-12

### THE STATE OF TEXAS

### v.

### CARL ALAN BENNETT, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FIFTH COURT OF APPEALS
### DALLAS COUNTY

**PRICE, J., filed a dissenting opinion.**

### DISSENTING OPINION

I agree with Presiding Judge Keller that the applicable statute of limitations for the

particular aggravated assault in this case is two years, not three, and I therefore join Part I of

her concurring opinion. Ill-considered dicta from our own precedents and contrary lower

court opinions notwithstanding, it is clear enough to me from the face of the statutory

language that the limitations period is two years. Judge Keller's discussion of the legislative

history reinforces this conclusion.[1] I part company with Judge Keller, and with the Court, in that I would hold *both* that the applicable limitations period is two years *and* that trial counsel rendered constitutionally ineffective assistance of counsel in failing to seek dismissal of the indictment on that basis. Because the Court today does not, I respectfully dissent.

Judge Keller's concurring opinion documents that there was a lack of any on-point case law at the time of the appellee's trial that squarely held that the limitations period is *two* years.[2] There are at least two court of appeals opinions in which the lower courts felt constrained by this Court's previous dicta to hold that it is, in fact, *three*.[3] But, as Judge Keller's limitations analysis today persuasively demonstrates, the statutory language is plainly to the contrary. Moreover, there was case law at the time of trial from which the appellee's trial counsel could readily have fashioned a substantial argument that the statute should indeed be construed according to its plain import.[4]

---

[1] Presiding Judge Keller's Concurring Opinion at 6-13.

[2] *Id*. at 3-6.

[3] *Monroe v. State*, 871 S.W.2d 801, 805 (Tex. App.—Houston [14th Dist.] 1994, no pet.); *Peacock v. State*, 690 S.W.2d 613, 616 (Tex. App.—Tyler 1985, no pet.).

[4] A lawyer is obliged to zealously represent his client's interests within the bounds of the law. TEX. DISCIPLINARY RULES PROF'L CONDUCT preamble ¶ 3. He has, moreover, "a duty to use legal procedure for the fullest benefit of the client's cause," so long as the bases for his advocacy is not frivolous. *Id*. at R. 3.01 & cmt. 1. A legal contention is frivolous "if the lawyer is unable either to make a good faith argument that [the contention] is consistent with existing law or that it may be supported by a good faith argument for an extension, modification or reversal of existing law." *Id*. at cmt. 2. The language of Articles 12.01 and 12.03(d) of the Code of Criminal Procedure, together with

The Sixth Amendment guarantees an accused the benefit of trial counsel who is familiar with the applicable law.[5] Should trial counsel's investigation of that law reveal ambiguity or uncertainty, he must advise his client with respect to any difficult choices that such ambiguity or uncertainty may engender, offering his best estimate of how it will eventually be resolved, so that his client will be able to make an informed decision. Trial counsel should not ordinarily be found deficient under these circumstances just because his best guess later proves inaccurate with respect to how the law may be clarified in the future. That, I think, is the gist of the case law that the Court invokes today to deny the appellee's ineffective-assistance-of-counsel claim.[6]

But I do not think this principle should apply invariably. In an adversarial system, it is difficult to imagine any rational justification for an attorney's failure to urge a trial court to follow the plain dictates of a statute that would favorably—and finally—dispose of his client's case just because there is dicta out there that essentially assumes—*sans* critical

---

this Court's opinion in *Matthews*, provided a basis for the appellee's trial counsel to argue that the applicable limitations period is two years that was anything but frivolous. TEX. CODE CRIM. PROC. arts. 12.01, 12.03(d); *Ex parte Matthews*, 933 S.W.2d 134 (Tex. Crim. App. 1996), *overruled on other grounds by Proctor v. State*, 967 S.W.2d 840 (Tex. Crim. App. 1998).

[5] *See Ex parte Welch*, 981 S.W.2d 183, 185 (Tex. Crim. App. 1998) ("[T]o be reasonably likely to render effective assistance to his client, a lawyer must be sufficiently abreast of developments in criminal law aspects implicated in the case at hand.").

[6] Majority Opinion at 4 n.12.

exegesis—that the statute would be construed other than by its plain import.[7] Trial counsel did not require a "crystal ball" to appreciate that there was nothing to lose and potentially everything to gain by raising the limitations issue on the appellee's behalf.[8] No doubt, had trial counsel consulted with the appellee about the pros and cons of pursuing a limitations claim, the appellee would eagerly have chosen to do so. And I can think of no reasonable strategic or tactical consideration that could support advising the appellee to choose any differently.[9] There is simply no advantage to be gained from failing to pursue a good-faith statute-of-limitations claim (at least outside the parameters of a negotiated plea). Finally, as Judge Keller's concurring opinion today makes abundantly clear, the appellee would ultimately (even if not immediately) have prevailed with such a limitations claim had he timely raised it in the trial court,[10] and the charges against him would have been dismissed

---

[7]

We have said that a claim of ineffective assistance of counsel is not foreclosed by the fact that an issue is one of first impression if the legal proposition that trial counsel failed to invoke "should have been evident from a plain reading of the . . . statute itself[.]" *Welch*, 981 S.W.2d at 185.

[8]

*See Ex parte Chandler*, 182 S.W.3d 350, 359 (Tex. Crim. App. 2005) ("[A] bar card does not come with a crystal ball attached . . . [and] legal advice which only later proves to be incorrect does not normally fall below the objective standard of reasonableness under *Strickland* [*v. Washington*, 466 U.S. 668 (1984)].").

[9]

*See Andrews v. State*, 159 S.W.3d 98, 102 (Tex. Crim. App. 2005) ("[W]hen no reasonable trial strategy could justify the trial counsel's conduct, counsel's performance falls below an objective standard of reasonableness as a matter of law[.]").

[10]

We have held that—at least to the extent that it operates as a "factual defense"—a statute-of-limitations claim "is forfeited if not asserted at or before the guilt/innocence stage of trial." *Proctor*, 967 S.W.2d at 844. *See Phillips v. State*, 362 S.W.3d 606, 617 (Tex. Crim. App. 2011) ("We have

with prejudice.  In short, there is no reasonable cost-benefit analysis that would excuse trial counsel's omission here.

I would hold that the appellee's trial counsel performed deficiently and that his deficiency seriously prejudiced his client.  I would therefore reverse the judgment of the court of appeals and leave intact the trial court's order granting of the appellee's motion for new trial.  Because the Court does not, I respectfully dissent.

FILED:       November 27, 2013
PUBLISH

---

stated, in a post-*Proctor* case, that a limitations bar may be raised in a pretrial motion to quash or dismiss, a pretrial writ, at trial, on direct appeal, or in a collateral proceeding."). I withhold judgment whether the appellee's limitations claim in this case is of a kind that he could vindicate by post-conviction application for writ of habeas corpus in contemplation of *Phillips*.